Argued March 4, affirmed June 19, 1975

METZKER, *Appellant, v.* SLOCUM, *Respondent.*

537 P2d 74

*Gregory G. Foote,* Eugene, argued the cause for appellant. With him on the briefs were Gary K. Jensen, and Dwyer & Jensen, P. C., Eugene.

*Jack L. Mattison,* Eugene, argued the cause for respondent. With him on the brief were John E. Jaqua, and Jaqua & Wheatley, Eugene.

HOLMAN, J.

Plaintiff, a minor child, brought this negligence action for damages for legal malpractice through her guardian ad litem. Plaintiff appeals from an order of dismissal after refusing to plead further when a demurrer was sustained to her complaint.

In substance, plaintiff's complaint alleges that defendant was retained by Velma and William Metzker, then husband and wife, to perfect an adoption of plaintiff. Defendant thereafter negligently failed to perfect the adoption, unbeknown to the Metzkers. Approximately ten years later Velma and William Metzker were legally separated but, because no adoption had taken place, the divorce court made no provision for the support of plaintiff. Defendant filed a demurrer to plaintiff's complaint, stating that it did not allege sufficient facts to constitute a cause of action. The asserted basis at the trial court level for the demurrer was that under Oregon law an action for malpractice may be maintained only by the client and not by an injured third party who has no privity of contract with the negligent lawyer. The trial judge, apparently, sustained the demurrer on that basis.

Defendant is correct about the present state of the Oregon law. An issue in the case of *Currey v. Butcher,* 37 Or 380, 61 P 631 (1900) was whether an attorney who was hired by a husband to approve the title to a piece of real property being purchased by his wife knew that he was being retained by the wife through the husband as her agent. The attorney negligently approved the title which proved to be faulty, and the wife brought an action against him for her resultant damage. This court held the wife had no cause of action if the lawyer did not know he was representing her instead of her husband, because an attorney-client relationship is consensual and, in the absence of the lawyer's consent to represent her, the wife had no privity of contract with the defendant. The court said:

"* * * Unless, therefore, the relation of attorney and client existed between the plaintiff and the defendants, she cannot maintain an action against them for negligence in examining the title for another; * * *." 37 Or at 390.

The opinion is based upon the well-known cases of *Savings Bank v. Ward,* 100 US 195, 25 L Ed 621 (1879), *Dundee Mortgage & Trust Investment Co. v. Hughes,* 20 F 39 (CCD Or 1884), and *Buckley v. Gray,* 110 Cal 339, 42 P 900, 52 Am St R 88, 31 LRA 862 (1895), which cases were, in turn, based upon the English case of *Winterbottom v. Wright,* 152 Eng Rep 402 (Ex 1842). Plaintiff contends these cases should not be followed because the modern trend is to the contrary and argues that privity is not a prerequisite to maintaining a tort action for damages for legal malpractice.

The vast predominance of adjudicated cases in the United States is in accordance with *Currey v. Butcher, supra.* See cases collected in Annotation, "Attorney's Liability, to One Other than His Immediate Client, for Consequences of Negligence in Carrying

out Legal Duties," 45 ALR3d 1181, 1187 (1972). However, some of the more modern cases indicate that privity of contract is not a prerequisite. *Heyer v. Flaig,* 70 Cal2d 223, 74 Cal Rptr 225, 449 P2d 161 (1969); *Biakanja v. Irving,* 49 Cal2d 647, 320 P2d 16, 65 ALR2d 1358 (1958); *Donald v. Garry,* 19 Cal App 3d 769, 97 Cal Rptr 191, 45 ALR3d 1177 (1971); *Costello v. Wells Fargo Bank,* 258 Cal App 2d 90, 65 Cal Rptr 612 (1968); *Haldane v. Freedman,* 204 Cal App 2d 475, 22 Cal Rptr 445 (1962); *Licata v. Spector,* 26 Conn Supp 378, 225 A2d 28 (1966). Each case involved one of the following:

1. An action by the beneficiary of a will who has lost his devise or bequest because the attorney drawing the will did so inartfully or caused it to be improperly executed;

2. An action by a purchaser of real property against the seller's lawyer who negligently approves a faulty title in a situation where the seller is obligated to furnish an approved title and the purchaser relies upon such approval; and

3. An action by a creditor, who has placed an account with a collection agency, against the agency's lawyer who negligently failed to pursue court proceedings resulting in the creditor's loss.

The cases dispensing with privity usually hold that a determination whether, in a specific case, the defendant will be held liable in negligence for nonphysical damage to a third person not in privity with him is a matter of policy involving the balancing of various factors, such as the extent to which the transaction was expected to affect the plaintiff, the foreseeability of the harm to him, the degree of uncertainty that plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, and the prevention of future harm.

■ Assuming, but not deciding, that we would choose to adopt the rule dispensing with privity in a proper case, we believe the complaint fails to disclose such a case. Ten years after the purported adoption a legal separation occurs between the putative parents. The father discovers no adoption has been perfected and refuses to recognize any moral obligation to pay for plaintiff's support. Absent a perfected adoption the court cannot force any legal obligation for support upon him. In our opinion the foreseeability of such harm, the certainty that plaintiff would have secured support but for defendant's negligence, and the closeness of the connection between defendant's conduct and the injury suffered are too tenuous to fit into the pattern of adjudicated cases which allow third parties to bring an action despite lack of privity.

Plaintiff can point to no case which has recognized liability in the absence of a much more certain, direct, and foreseeable connection between the lawyer's negligence and the third party's injury than exists in the present case. For instance, in *Costello v. Wells Fargo Bank, supra,* a California case which has dispensed with the requirement of privity, an attorney for an estate who had negligently failed to petition the probate court in time for the confirmation of a sale of real property owned by the estate, was held not to be liable to the real estate firm which had procured the offer of purchase and which was deprived of its fee because of defendant's neglect. *Haldane v. Freedman, supra,* also a California case, although its holding is not clear, is capable of the construction that the court held that an attorney who represented a woman in a divorce case was not responsible to the parties' children for his negligence in representing her where such negligence affected the amount of money available for the children to inherit as heirs of their mother.

■ The complaint also fails to state a cause of action for another reason first pointed out on appeal. It fails to allege facts showing that plaintiff would have been successful in securing support from William Metzker except for defendant's negligence. See *Harding v. Bell,* 265 Or 202, 205, 508 P2d 216 (1973). If this were the only defect in plaintiff's complaint, we might be inclined to remand to permit her an opportunity to replead since she had no opportunity to amend after the defect was first pointed out to her on appeal. See *Consolidated Freightways v. Eddy,* 266 Or 385, 396-97, 513 P2d 1161 (1973). However, as previously indicated, we believe she has not made out a case in any event.

The judgment of the trial court is affirmed.