Argued October 8, 1976, affirmed February 3, 1977

CHARD, *Appellant,*
*v.*
GALTON et al, *Respondents.*
(No. 416 323, SC 24348)
559 P2d 1280

Cameron C. Thom, Coos Bay, argued the cause for appellant. With him on the brief was McInturff, Thom & Collver, Coos Bay.

James H. Gidley, Portland, argued the cause for respondents. With him on the brief was Cosgrave & Kester, Portland.

Before Denecke, Chief Justice, and Holman, Tongue, and Sloper, Justices.

.

HOLMAN, J.

## HOLMAN, J.

This is an action seeking damages for defamation. Plaintiff appeals from an order granting a summary judgment for defendants.

Plaintiff was involved in an accident with a Mr. and Mrs. McGregor. Defendants, a firm of lawyers, represented the McGregors in claims for damages against plaintiff. Plaintiff was covered by a policy of liability insurance. In an attempt to settle the McGregors' claims, defendants wrote a letter to a representative of plaintiff's insurer. This letter contained the following statement, which is the basis for plaintiff's claim for defamation:

> "That Mrs. Chard [plaintiff] was previously involved in a fatal accident while in a drunken stupor in Coos Bay."

Subsequent to the writing of the letter, actions against plaintiff were instituted by defendants on behalf of both McGregors. These actions sought both actual and exemplary damages, the claim for exemplary damages being based upon the contention that the accident occurred while plaintiff was operating her vehicle under the influence of intoxicants.

Plaintiff's contention on appeal is as follows:

> "The sole issue presented is the degree to which an attorney's absolute privilege extends in communications preliminary to possible litigation. It is contended that such privilege extends only to matters relevant and pertinent to the proposed litigation and that the objected-to statement in this cause does not fall within the scope of the definition of relevant and pertinent. The court therefor [sic] should not have found in favor of the Respondents [defendants]."

Plaintiff apparently concedes that the communication was absolutely privileged if the statement in the letter, though false, was "relevant and pertinent" to the McGregors' proposed litigation against plaintiff.

[ 111 ]

The following is a statement of the law in 3 Restatement of the Law of Torts 229-31, § 586:

"An attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto.

"*Comment:*

*a.* The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. Therefore the privilege is absolute. It protects the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth or even his knowledge of its falsity. These matters are of importance only in determining the amenability of the attorney to the disciplinary power of the court of which he is an officer. The publication of defamatory matter by an attorney is protected not only when made in the institution of the proceedings or in the conduct of litigation before a judicial tribunal, but in conferences and other communications preliminary thereto.* * *.

"* * * * *.

"*c. Relation of statement to proceedings.* The privilege stated in this Section is confined to statements made by an attorney while performing his function as such. Therefore it is available only when the defamatory matter has some reference to the subject matter of the pending litigation, although it need not be strictly pertinent or relevant to any issue involved therein. * * *. On the other hand, the privilege does not cover the attorney's publication of defamatory matter which has no connection whatever with the litigation."

Oregon has no cases determining what constitutes, for the purpose of the attorney's absolute privilege, an adequate relationship between the litigation and statements or writings made by an attorney preliminary thereto. In *Strycker v. Levell and Peterson,* 183 Or 59, 67, 190 P2d 922 (1948), this court quoted with approval the following language from *McKinney v.*

*Cooper,* 163 Or 512, 519, 98 P2d 711 (1940), concerning how the relationship is determined when the statements are made during litigation:

> "Whether the matter contained in the objections to the final account was pertinent or relevant is a question of law for the court to decide. In determining whether such matter is pertinent or relevant, courts are liberal and hold the privilege 'embraces anything that may possibly be pertinent.' * * *."

In *Irwin v. Ashurst,* 158 Or 61, 70, 74 P2d 1127 (1938), this court said, regarding the same subject:

> "In determining whether the argument was pertinent or relevant to the issues, courts are liberal and the privilege, as stated in 36 C. J. 1252, 'embraces anything that may possibly be pertinent. All doubt should be resolved in favor of its relevancy or pertinency.' * * *."

These cases all concern the relation to the litigation of statements or writings made during or as part of the litigation itself. However, if it is logical to extend the umbrella of absolute privilege to include similar statements which are made by a lawyer outside of the pleadings and actual trial of the case (and we believe that it is), there seems to be no logical reason why the same liberal criteria for the determination of what constitutes "some relation" should not be applicable. It is equally important that a lawyer enjoy the same degree of freedom in settlement of his client's case as that which he enjoys in its actual pleading or trial.

In *Zirn v. Cullom,* 187 Misc 241, 63 NYS2d 439, 440-41 (1946), an action for libel was based upon statements in a letter from the attorney of the defendant partnership offering settlement. In holding that statements made in the letter were absolutely privileged, the court said as follows:

> "* * * The statements in the letter, had they been made orally in open court, would clearly have been absolutely privileged. Even if the letter, as claimed by plaintiff, was spontaneous * * *, and not in response to any communication received from plaintiff or his attorney * * *, as an offer of settlement its object was the protection and furtherance of the interests of the defend-

ants in the action then pending. * * *. It is not absolutely essential, in order to obtain the benefits of absolute privilege, that the language claimed to be defamatory be spoken in open court or contained in a pleading, brief, or affidavit. Thus 'the privilege extends to statements made to a solicitor when preparing the witness's proof, and also to letters passing between a solicitor and his client, written for the purpose of giving or obtaining advice.' Odgers, Libel and Slander, 6th Ed., p. 198. 'The same privilege exists as to statements made to a party and his solicitor in preparing the proof for trial.' Newell, Slander and Libel, 4th Ed., p. 401. The only difference between the English rule and that obtaining in this state is that here the statements must be pertinent, while there is no such limitation in England. People ex rel. Bensky v. Warden of City Prison, supra, 258 N.Y. 55 at page 59, 179 N.E. at page 258. The absolute privilege, under New York law, applies to all statements or utterances made in the course of a judicial proceeding, provided only that they are pertinent. The letter which forms the basis of the fifth cause of action is held to have been written in the course of a judicial proceeding. In Moore v. Manufacturers' Nat. Bank of Troy et al., 123 N.Y. 420, at page 426, 25 N.E. 1048, at page 1049, 11 L.R.A. 753, Judge Andrews, writing for the court, said: 'The public interests are sufficiently protected when the privilege is limited to communications which fairly ought to have been made, or, in case of judicial proceedings, to matters not wholly outside of the cause. But no strained or close construction will be indulged in to exempt a case from the protection of privilege.' "

■■ It is our opinion that the statement in the present case was sufficiently related to the subject of the litigation to be absolutely privileged. The value of a case in settlement, in which a claim is based upon allegations of a defendant's intoxication while operating a motor vehicle, could not help being affected by whether such defendant has had a past pattern of alcoholic problems. Appearance, demeanor, and reputation in the community can all be affected by such a pattern. All these factors can be important in determining a jury verdict and, thus, the value of settlement. A claim of previous serious difficulty with

automobiles and alcohol is one which would be investigated by a defendant's insurance company as a matter of course in evaluating the insured's vulnerability to a judgment. The test of "some relation," as used here, is not whether the evidence of the occurrence would be admissible in the trial of the case but whether it would have sufficient tangential relevance to affect the value of a settlement. We believe it does have such relevance.

The judgment of the trial court is affirmed.