BINDER, *Appellant/Cross-Respondent,*
*v.*
OREGON BANK, *Respondent/Cross-Appellant.*
(No. A7609-12570, SC 25512)
585 P2d 655

Donald H. Joyce, Portland, argued the cause and filed the brief for appellant/cross-respondent.

David P. Templeton, of Martin, Bischoff, Templeton, Biggs & Ericsson, Portland, argued the cause and filed the brief for respondent/cross-appellant.

DENECKE, C. J.

## DENECKE, C. J.

Plaintiff brought this libel action contending she was defamed by an allegedly libelous statement in the will of the decedent, for whom defendant is personal representative.

The trial court sustained a demurrer to the complaint upon the ground that the publication was absolutely privileged. Plaintiff appeals. We affirm.

The complaint alleges the will was published when defendant filed it for probate. The alleged libelous allegation was:

"I declare that I have no other living children than those named in Article III, and if an individual who I understand has used the name Corinne Kernan establishes herself or is held to be my daughter, then I give and bequeath to her the sum of One Dollar ($1.00) only and declare that this shall be her just share and interest in my estate, if any, and further, that if any other person be held to be my child, I give and bequeath to such person One Dollar ($1.00) only and declare that such shall be his or her full share and interest in my estate."

■■ The defendant contends the publication is privileged because it is made as part of a judicial proceeding. Statements made by parties to judicial proceedings are absolutely privileged. The rationale for the privilege is:

"* * * [B]ased upon the ground that 'there are certain relations of life in which it is so important that the persons engaged in them should be able to speak freely that the law takes the risk of their abusing the occasion and speaking maliciously as well as untruly, and in order that their duties may be carried on freely and without fear of any action being brought against them, it says: "We will treat as absolutely privileged any statement made in the performance of their duties" ' * * *." *Ramstead v. Morgan*, 219 Or 383, 387, 347 P2d 594, 77 ALR2d 481 (1955).

In *Kleinschmidt v. Matthieu*, 201 Or 406, 266 P2d 686 (1954), this court held defamatory statements in a will were not absolutely privileged. The defendant

contends that case was incorrectly decided and urges that it be overruled. We conclude that decision was incorrect and overrule it.

In *Kleinschmidt* the court stated:

"It is next contended that the publication of the will in the course of the proceedings in probate was and is absolutely privileged. This reasoning is fallacious in that the publication of the will, as we have held, antedates the probate thereof." 201 Or at 411.

We are now of the opinion that this reasoning, apart from the result reached, is incorrect, particularly in light of our recent decision of *Chard v. Galton,* 277 Or 109, 559 P2d 1280 (1977). In *Chard* the defendant lawyer had represented persons injured by Mrs. Chard, the plaintiff in the defamation case. He wrote Mrs. Chard's insurance company in attempting to settle the claim and stated Mrs. Chard had previously been involved in a fatal accident while Mrs. Chard was in a drunken stupor. This was before any litigation had been commenced. We quoted with approval the statement in 3 Restatement 229, Torts § 586: "An attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding * * *." We held that the alleged defamatory statement was relevant to the proposed judicial proceeding; therefore, the attorney was absolutely privileged.

This reasoning is inconsistent with holding that publication by filing the will is not privileged because the judicial proceeding of probate has not started when the will is filed.

Even though we conclude that this statement in the will was made as part of or preliminary to a judicial proceeding of probate, the question remains whether we should hold it absolutely privileged.

Returning to the rationale quoted above from *Ramstead v. Morgan, supra* (219 Or 383), the issue is whether it is so important that testators be able to

speak freely in their wills that the law should take the risk of testators abusing the occasion. We have held that defamatory statements in affidavits filed in divorce proceedings are absolutely privileged; *Strycker v. Levell and Peterson,* 183 Or 59, 67, 190 P2d 922 (1948), and that defamatory statements made in objections to a final account in a probate proceeding are absolutely privileged; *McKinney v. Cooper,* 163 Or 512, 98 P2d 711 (1940). These are only examples to illustrate the kinds of interests we believed so important that we decided that the law should take the risk that the makers of such statements would abuse the occasion.

The only limitation imposed, which is a limitation consistent with the rationale behind the rule, is that the statement must be pertinent or relevant to the interest we have found to be so important. For example, in *McKinney v. Cooper, supra* (163 Or 512), we found it was important that an attorney be absolutely privileged to file objections to a final account in a probate proceeding. The objections stated that the plaintiff, the attorney for the executor, was not entitled to an attorney fee. The objection claimed that the plaintiff attorney knew there were no assets in the estate, despite the accounting showing to the contrary, because the attorney knew and failed to reveal that the executor had converted the assets to his own use. It was important for the beneficiaries of the estate and the honest administration of justice that such objections be filed without the objector being afraid of being found liable in a libel action if the objections were ultimately found to be incorrect. Allegations that attorney fees have been paid an attorney who allegedly has breached his duty to the estate are obviously pertinent and relevant to the proceeding.

Likewise, in the present case it was important for the beneficiaries of the will and the honest administration of justice that the statement of the testator of his relationship to this plaintiff be revealed. The

statement was pertinent and relevant. This is not contested by plaintiff.

We hold the statements were absolutely privileged. The few decisions from other jurisdictions are split on the question. *See* Anno, 21 ALR3d 754, Libel by Will (1968).

Affirmed.