Argued and submitted April 27; resubmitted In Banc August 3, reversed and remanded November 9, reconsideration denied December 2, 1983, petition for review denied January 10, 1984 (296 Or 253)

LEE,
*Appellant,*

*v.*

NASH,
*Respondent.*

(A-8201-00001; A26132)

671 P2d 703

Marla J. McGeorge, Portland, argued the cause for appellant. With her on the briefs was Richardson, Murphy & Tedesco, Portland.

Gerald R. Pullen, Portland, argued the cause and filed the brief for respondent.

NEWMAN, J.

**NEWMAN, J.**

Plaintiff appeals from a judgment for defendant, an attorney, entered after plaintiff's amended complaint for invasion of privacy and malpractice was dismissed. She assigns as error that the court granted defendant's motion to dismiss her amended complaint. ORCP 21A(8). We reverse.

As her first count, for invasion of privacy, plaintiff alleges that she and her then husband as co-petitioners retained an attorney (not defendant) to file a Chapter 13 wage earner plan in the United States Bankruptcy Court for Oregon; that her husband subsequently retained defendant to represent him; that plaintiff at no time employed defendant to represent her; that defendant knew that he did not represent plaintiff and with reckless disregard for its falsity filed a motion in the Bankruptcy Court to change the wage earner plan to a Chapter 7 liquidation plan; and that the motion was made without the knowledge or consent of the plaintiff, was granted by the Court, placed plaintiff in a false light before her creditors, governmental agencies and the public, was highly offensive to her and caused her damage.

As her second count, for malpractice, plaintiff realleged the allegations of the first count and also alleged that defendant knew that he did not represent plaintiff and negligently caused a false publication to be made.

Defendant moved under ORCP 21 A(8) to dismiss (1) the claim for invasion of privacy, asserting that he is protected by the absolute privilege accorded attorneys for communications arising out of judicial proceedings; (2) the malpractice claim, asserting that plaintiff did not employ defendant as an attorney and did not fall within any of the recognized exceptions to the requirement of privity.

The Restatement (Second) of Torts, § 652E, describes a "false light" claim:

"One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

"(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

"(b)   the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."[1]

No prior reported Oregon case holds that Oregon recognizes the tort described in the Restatement. *See Martinez v. Democrat-Herald,* 64 Or App 690, 669 P2d 818 (1983). Defendant does not argue that Oregon should not recognize a "false light" claim. Plaintiff's amended complaint, moreover, sufficiently states facts to make out such a claim. Defendant argues, however, that the absolute privilege against liability for defamation accorded to attorneys in judicial proceedings extends to claims of invasion of privacy.

■       An attorney is absolutely privileged to publish defamatory matter concerning another in communications during the course of and as part of a judicial proceeding, including a bankruptcy proceeding. *Troutman v. Erlandson,* 286 Or 3, 593 P2d 793 (1979); *see also McKinney v. Cooper,* 163 Or 512, 98 P2d 711 (1940); Restatement (Second) of Torts, § 586. In *Troutman v. Erlandson, supra,* 286 Or at 7, the court stated:

"'* * * [W]e have held communications by attorneys 'preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates * * *,' privileged. 3 Restatement 229-231, Torts § 586, quoted with approval in *Chard v. Galton,* 277 Or 109, 112, 559 P2d 1280 (1977). The privilege 'is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients.' *Comment a.* to § 586."

---

[1] Restatement (Second) of Torts, § 652E, *comment b* at 395 states:

"*b. Relation to defamation.* The interest protected by this Section is the interest of the individual in not being made to appear before the public in an objectionable false light or false position, or in other words, otherwise than as he is. In many cases to which the rule stated here applies, the publicity given to the plaintiff is defamatory, so that he would have an action for libel or slander under the rules stated in Chapter 24. In such a case the action for invasion of privacy will afford an alternative or additional remedy, and the plaintiff can proceed upon either theory, or both, although he can have but one recovery for a single instance of publicity."

"It is not, however, necessary to the action for invasion of privacy that the plaintiff be defamed. It is enough that he is given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position. When this is the case and the matter attributed to the plaintiff is not defamatory, the rule here stated affords a different remedy, not available in an action for defamation."

The Restatement (Second) of Torts rule, § 586 (1977), describes the absolute privilege afforded attorneys:

"An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates as counsel, *if it has some relation to the proceeding.* (Emphasis added.)

■■ Oregon follows the Restatement rule that an alleged defamatory statement by an attorney will be absolutely privileged if there is "some relation" between the publication and the judicial proceedings. *Chard v. Galton,* 277 Or 109, 559 P2d 1280 (1977). The privilege embraces anything that may possibly be pertinent, *McKinney v. Cooper,* 163 Or 512, 519, 98 P2d 711 (1940), and all doubt should be resolved in favor of its relevancy or pertinency. *Erwin v. Ashurst,* 158 Or 61, 70, 74 P2d 1127 (1938). Although no Oregon case has yet considered the issue, the rules on absolute privilege to publish defamatory matter apply to the publication of any matter that is an invasion of privacy, including material that raises a "false light" claim. *See* Restatement (Second) of Torts, § 652F and Comment *a* thereto;[2] Mallen and Levit, *Legal Practice* 404-06, § 357 (2d ed 1981).

■■ Absolute privilege is an affirmative defense that ordinarily must be raised by answer. Only plaintiff's amended complaint and defendant's motion to dismiss are before us. The basis of plaintiff's claim is the content of the motion that defendant filed, without plaintiff's knowledge or consent, to change the Chapter 13 Wage Earner Plan to a Chapter 7 liquidation plan. Although the defense of privilege can be raised by a motion to dismiss if the amended complaint alleges

---

[2] Restatement (Second) of Torts, § 652F provides:

"The rules on absolute privileges to publish defamatory matter stated in §§ 583 to 592A apply to the publication of any matter that is an invasion of privacy.

"Comment:

"*a.* The circumstances under which there is an absolute privilege to publish matter that is an invasion of privacy are in all respects the same as those under which there is an absolute privilege to publish matter that is personally defamatory. The rules on absolute privilege are stated in §§ 583 to 592A. The Comments to those Sections are applicable to the publication of matter that invades privacy, so far as they are pertinent."

facts which, if true, establish the privilege, *see Dell v. K. E. McKay's Market,* 273 Or 752, 759, 543 P2d 678 (1975), the facts that plaintiff pleads here do not, as a matter of law, establish defendant's privilege.

■ Plaintiff pleads that she and her then husband had retained an attorney (not defendant) who filed a Wage Earner Plan under Chapter 13 in the bankruptcy court, naming them as co-petitioners. We can infer from the amended complaint that the income and credit problems of plaintiff and her then husband were interrelated. We cannot, however, as a matter of law, infer from the amended complaint that there was some relation between the part of the motion that defendant filed that purported to speak for plaintiff and the part of the motion that defendant filed on behalf of plaintiff's then husband, his client. Neither can we infer that defendant's filing of the motion in that form had some relation to his effective representation of his client. Defendant, at trial, may be able to show that what he did without authority in respect to plaintiff had "some relation" to what he did for his client. At this time, however, we cannot say that defendant, as a matter of law, is protected by an absolute privilege. Accordingly, the court erred in dismissing plaintiff's false light claim.

■ Although, generally, an action for malpractice may be maintained only by a client and not by a third party, *Currey v. Butcher,* 37 Or 380, 61 P 631 (1900); *Annot.,* 45 ALR3d 1181, 1187 (1972), privity is not always necessary.

In *Metzker v. Slocum,* 272 Or 313, 537 P2d 74 (1975), a minor sued an attorney retained by a couple to handle the minor's adoption after the attorney had negligently failed to perfect the adoption. When the couple obtained a legal separation approximately ten years later, the court made no provision for plaintiff's support, because the adoption had not taken place. The court stated:

> "The cases dispensing with privity usually hold that a determination whether, in a specific case, the defendant will be held liable in negligence for non-physical damage to a third person not in privity with him is a matter of policy involving the balancing of various factors, such as the extent to which the transaction was expected to affect the plaintiff, the foreseeability of the harm to him, the degree of uncertainty that plaintiff suffered injury, the closeness of the connection

between the defendant's conduct and the injury suffered, and the prevention of future harm." 272 Or at 316.

It then also stated:

"Assuming, but not deciding, that we would choose to adopt the rule dispensing with privity in a proper case, we believe the complaint fails to disclose such a case. * * * In our opinion the foreseeability of such harm, the certainty that plaintiff would have secured support but for defendant's negligence, and the closeness of the connection between defendant's conduct and the injury suffered are too tenuous to fit into the pattern of adjudicated cases which allow third parties to bring an action despite lack of privity." 272 Or at 317.

It noted that there must be "a much more certain, direct, and foreseeable connection between the lawyer's negligence and the third party's injury than exists in the present case." 272 Or at 317.[3]

In *McEvoy v. Helikson*, 277 Or 781, 562 P2d 540 (1977), the defendant attorney undertook to return passports to plaintiff's former wife, a citizen of Switzerland, in exchange for the return of plaintiff's minor child. The attorney returned the passports to the former wife but did not obtain the return of the child. The defendant claimed that he was not liable, because the plaintiff was not his immediate client and privity was lacking. The court stated:

"It is to be noted, however, that in *Currey v. Butcher*, [37 Or 380, 61 P 631 (1900)], it is recognized (at 389) that there may be 'something in the circumstances of [a] case to take it out of that general rule.'" 277 Or at 785. (Brackets in original.)

---

[3] In *Metzker* the court summarized the cases in which privity had been held to be unnecessary:

"1. An action by the beneficiary of a will who has lost his devise or bequest because the attorney drawing the will did so inartfully or caused it to be improperly executed;

"2. An action by a purchaser of real property against the seller's lawyer who negligently approves a faulty title in a situation where the seller is obligated to furnish an approved title and the purchaser relies upon such approval; and

"3. An action by a creditor, who has placed an account with a collection agency, against the agency's lawyer who negligently failed to pursue court proceedings resulting in the creditor's loss." 272 Or at 316.

The court found that the attorney was negligent in the performance of escrow duties of a non-legal nature which could have been performed by a non-lawyer but stated:

"If, however, this case be considered as an action for legal malpractice, rather than as an action for negligence by an escrow agent in the performance of his duties, we hold that these are sufficient 'circumstances * * * to take [this case] out of [the] general rule' of *Currey v. Butcher, supra,* requiring privity in actions for legal malpractice." 277 Or at 786. (Brackets theirs.)

Although in most cases the duty of an attorney to use reasonable care and skill arises out of the contractual relationship of attorney and client, defendant, on his own initiative, purported to act as plaintiff's attorney and in privity with her when he filed the motion in the bankruptcy court. Under these special circumstances defendant had a duty to use reasonable care and skill in the actions he took on plaintiff's behalf. Furthermore, the connection between the defendant's alleged breach of duty and plaintiff's injury is sufficiently certain, direct and foreseeable to permit an exception to the general rule of *Currey v. Butcher, supra,* requiring privity for actions of legal malpractice. A certain, direct and foreseeable connection existed between defendant's breach of duty and plaintiff's injury. It was foreseeable that the filing of the motion in the bankruptcy court naming plaintiff as a co-petitioner could harm her and that the harm would be a direct result of that filing. The connection between the attorney's conduct and the third party's injury, which was tenuous in *Metzker,* is strong here. Plaintiff's amended complaint states a claim for malpractice, and the court also erred in granting defendants' motion to dismiss that claim.

Reversed and remanded.