Argued and submitted November 17, reversed and remanded on negligence claim; otherwise affirmed December 17, 1986, Hale's reconsideration and Groce's reconsideration denied January 30, both petitions for review allowed February 18, 1987 (302 Or 614)

# HALE,
*Appellant,*

*v.*

# GROCE,
*Respondent.*

## (A8511-06822; CA A38914)

730 P2d 576

Rick T. Haselton, Portland, argued the cause for appellant. With him on the briefs was Lindsay, Hart, Neil & Weigler, Portland.

Emil R. Berg, Portland, argued the cause for respondent. With him on the brief was Hallmark, Griffith & Keating, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This action arose out of the defendant attorney's failure to carry out the direction of his client, Robert Rogers, to include a $300,000 gift to plaintiff in a will and trust which defendant drafted for Rogers in early March, 1982. Rogers died later that month, and plaintiff and defendant then became aware of defendant's omission. On defendant's advice, plaintiff brought a proceeding in October, 1982, to reform the testamentary instruments. She retained other counsel to represent her in that proceeding, which was decided adversely to her in August, 1985.

■     Plaintiff brought the present action in November, 1985, alleging that defendant's failure to include the gift in the instruments was negligent and was a breach of his contract with Rogers, of which plaintiff claims to be a third-party beneficiary. Plaintiff also alleged that her claim did not accrue until her loss in the reformation proceeding or, alternatively, that defendant's advice that she bring that proceeding estops him from asserting, or constitutes a waiver of, his right to assert a Statute of Limitations defense. Defendant moved to dismiss the complaint on the grounds (1) that it did not state a claim for either negligence or breach of contract and (2) that the action was time-barred. The trial court allowed the motion on the first ground, expressly denied it on the second and dismissed the action. Plaintiff appeals, and we reverse in part and affirm in part.

The basis for the trial court's dismissal of the negligence claim was that plaintiff was not defendant's client and that there was no privity between them. *See Currey v. Butcher,* 37 Or 380, 61 P 631 (1900). Plaintiff argues that this case involves a "certain, direct and foreseeable connection between the lawyer's negligence and the third party's injury" and that the privity requirement therefore does not apply. *Metzker v. Slocum,* 272 Or 313, 317, 537 P2d 74 (1975); *see also McEvoy v. Helikson,* 277 Or 781, 562 P2d 540 (1977); *Lee v. Nash,* 65 Or App 538, 671 P2d 703 (1983), *rev den* 296 Or 253 (1984)[1]. We agree with plaintiff and we hold that the trial court erred in dismissing the negligence claim.

---

[1] The continuing vitality of the privity requirement is questionable. *See Metzker v. Slocum, supra,* 272 Or at 317.

■    The trial judge's basis for dismissing the contract claim was that the allegations could give rise only to a claim in tort. We agree with the trial court. Notwithstanding plaintiff's ardent efforts to demonstrate the contrary, nothing in her contract allegations shows more than that Rogers' alleged contract with defendant "merely incorporate[d] by reference or by implication a general standard of skill and care to which the defendant would be bound independent of the contract." *See Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 259, 611 P2d 1158 (1980).

■ ■    Defendant assigns as a cross-error the trial court's refusal to dismiss on the Statute of Limitations ground. Plaintiff brought the action more than two years after she discovered that she had not been named a beneficiary. *See* ORS 12.110(1). Defendant argues that, contrary to plaintiff's allegation, her right of action accrued by that discovery rather than after her reformation action proved unavailing. Defendant is correct. *See Jaquith v. Ferris,* 297 Or 783, 687 P2d 1083 (1984). However, plaintiff's estoppel and waiver allegations preclude the dismissal of the action on the theory that it is barred by the Statute of Limitations as a matter of law. *Dobie v. Liberty Homes,* 53 Or App 366, 632 P2d 449 (1981). Defendant argues that plaintiff did not sufficiently plead the elements of waiver and estoppel. Even if the pleadings were insufficient in those respects, an outright dismissal of the action—at least by this court in our review of the trial court's denial of the relevant portion of the motion—would not be warranted. *See* ORCP 23A; *Shaughnessy v. Spray,* 55 Or App 42, 50-51, 637 P2d 182 (1981), *rev den* 292 Or 589 (1982).

Reversed and remanded on the negligence claim; otherwise affirmed.