Argued and submitted April 7, decision of Court of Appeals affirmed in part and reversed in part, trial court's judgment reversed and case remanded to trial court for further proceedings November 3, reconsideration denied December 15, 1987

HALE,
*Respondent/Petitioner on Review,*

*v.*

GROCE,
*Petitioner/Respondent on Review.*

(CC A8511-06822; CA A38914; SC S33630, S33631)

744 P2d 1289

Emil R. Berg, Portland, argued the cause for petitioner/respondent on review. With him on the petition and a response was Hallmark, Griffith & Keating, P.C., Portland.

Rick T. Haselton, of Lindsay, Hart, Neil & Weigler, Portland, argued the cause and filed the petition for respondent/petitioner on review.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Gillette, Justices.

LINDE, J.

## LINDE, J.

Defendant, who is an attorney, was directed by a client to prepare testamentary instruments and to include a bequest of a specified sum to plaintiff. After the client's death, it was discovered that the gift was not included either in the will or in a related trust instrument. After an unsuccessful attempt to obtain judicial reformation of the will and trust, plaintiff brought the present action for damages against the attorney.

The complaint alleged as two separate claims, first, that defendant was negligent in a number of particulars and, second, that he failed to carry out a contractual promise to his client, the decedent, which the decedent had intended specifically for the benefit of plaintiff. In other states plaintiffs in such cases have sometimes been allowed to recover on one or both of these theories, as negligently injured parties or as third-party beneficiaries under a contract. It is a new question in this court.

Defendant moved to dismiss the complaint on grounds that the stated facts did not constitute a claim under either theory and that, at least as to the tort theory, the action was not commenced within the time limited by the applicable statute. The circuit court held that the action was not time-barred but allowed defendant's motion to dismiss both claims. On plaintiff's appeal, the Court of Appeals reinstated plaintiff's negligence claim, and it also remanded for trial her allegations that defendant was estopped from invoking the statute of limitations. *Hale v. Groce,* 83 Or App 55, 57-58, 730 P2d 576 (1986).

Both parties petitioned this court for review. Defendant asserts that a lawyer owes a professional duty of care only to his client and cannot be sued for malpractice by others who are injured by the way he performs that duty. Plaintiff asks us to reinstate her contract claim as a third-party beneficiary. We hold that the complaint states claims for damages under both theories, a claim as the intended beneficiary of defendant's professional contract with the decedent and a derivative tort claim based on breach of the duty created by that contract to the plaintiff as its intended beneficiary.

The two claims are related, but they differ in important respects. Standing alone, without a duty to plaintiff

derived from defendant's contractual undertaking, plaintiff's tort claim would confront the rule that one ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or property. *See Ore-Ida Foods v. Indian Head,* 290 Or 909, 627 P2d 469 (1981) (denying employer's claim against third person who caused employer to become liable for workers' compensation benefits); *Snow v. West,* 250 Or 114, 440 P2d 864 (1968) (denying employer's claim against third person for loss of services of employee). *See generally* Fleming, The Law of Torts 169-75 (5th ed 1977), 2 Harper, James and Gray, The Law of Torts 404-10 (2d ed 1986). It does not suffice that the harm is a foreseeable consequence of negligent conduct that may make one liable to someone else, for instance to a client. Some source of a duty outside the common law of negligence is required. Even then, tort rules such as comparative fault may apply that do not apply to contract claims. *Compare Greycas, Inc. v. Proud,* 826 F2d 1560, 1566 (7th Cir 1987) (no negligence in relying on lawyer's report that assets were free of liens). A contract claim, on the other hand, does not necessarily depend on showing negligence.

Similar claims were made in *Currey v. Butcher,* 37 Or 380, 61 P 631 (1900), in which attorneys were charged with a faulty search of a title. This court held that they were entitled to an instruction that they would not be liable to a person for whom their client may have acted unbeknownst to them. *Id.* at 388-89. That holding was reaffirmed in *Metzker v. Slocum,* 272 Or 313, 537 P2d 74 (1975). A chief precedent for *Currey* was *Buckley v. Gray,* 110 Cal 339, 42 P 900 (1895), which the court cited for the proposition that "an attorney employed to draw a will is not liable to a person who, through the attorney's ignorance or negligence in the discharge of his professional duties, was deprived of the portion of the estate which the testator instructed the attorney should be given such person by the will." *Currey,* 37 Or at 389.

Since 1900, many courts have reconsidered that proposition, some preferring a contract analysis, some negligence, and at least one "a definite maybe." *Kirgan v. Parks,* 60 Md App 1, 3, 478 A2d 713, 714 (1984). *Cf. Flaherty v. Weinberg,* 303 Md 116, 131, 492 A2d 618, 625 (1985) (clarifying *Kirgan*). *Buckley v. Gray* itself was overruled in *Lucas v. Hamm,* 56 Cal 2d 583, 588, 364 P2d 685, 687 (1961). The California Supreme Court stated that a lawyer might be liable to an intended

testamentary beneficiary either for negligence or for breach of the lawyer's contract with the testator, though the court balked at recognizing professional negligence in a lawyer's failure to meet the state's rule against perpetuities and restraints on alienation. 56 Cal 2d at 592, 364 P2d at 690.[1] After *Lucas,* the California court treated contract liability as superfluous and settled on negligence theory, which in California calls for applying "public policy" by "balancing" half a dozen "factors" in each case. *See Heyer v. Flaig,* 70 Cal 2d 223, 227, 449 P2d 161, 164 (1969); *Biakanja v. Irving,* 49 Cal 2d 647, 650, 320 P2d 16, 19 (1958); *cf. Rowland v. Christian,* 69 Cal 2d 108, 113, 443 P2d 561, 564, (1968) ("factor analysis" used to determine whether duty exists). *See also J'Aire Corp. v. Gregory,* 24 Cal 3d 799, 598 P2d 60 (1979); Schwartz, *Economic Loss in American Tort Law: The Examples of J'Aire and of Products Liability,* 23 San Diego L Rev 37 (1986).

The Pennsylvania Supreme Court chose the contrary course in *Guy v. Liederbach,* 501 Pa 47, 459 A2d 744 (1983), a claim by a beneficiary who lost a legacy because the testator's lawyer let her subscribe as a witness to the will. The court rejected both open-ended tort liability to foreseeably injured third parties and what it considered the "unworkable" California standard, *id.* at 57, 459 A2d at 749, noting that:

> "* * * although a plaintiff on a third party beneficiary theory in contract may in some cases have to show a deviation from the standard of care, as in negligence, to establish breach, the class of persons to whom the defendant may be liable is restricted by principles of contract law, not negligence principles relating to foreseeability or scope of the risk."

*Id.* at 62, 459 A2d at 752. Citing dictum in an early Pennsylvania decision, *Lawall v. Groman,* 180 Pa 532, 37 A 98 (1897), the court settled instead on liability to the intended beneficiary under Restatement (Second) Contracts section 302(1)(1981).[2]

---

[1] The court stated:

"In view of the state of the law relating to perpetuities and restraints on alienation and the nature of the error, if any, assertedly made by defendant in preparing the instrument, it would not be proper to hold that defendant failed to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly exercise."

56 Cal 2d at 592, 364 P2d at 690.

[2] Restatement (Second) Contracts, section 302, provides:

"Intended and Incidental Beneficiaries

"(1) Unless otherwise agreed between promisor and promisee, a beneficiary

The Connecticut Supreme Court similarly allowed a disappointed beneficiary of a testamentary trust to proceed against the testatrix's lawyer on a contract theory over an objection that the lawyer's promise obligated him only to the client and not to the intended beneficiary, because the benefit to the plaintiff also was the essence of the benefit promised to the testatrix. *Stowe v. Smith,* 184 Conn 194, 441 A2d 81 (1981). *See also Ogle v. Fuiten,* 102 Ill 2d 356, 466 NE 2d 224 (1984) (allowing action on both contract and tort theories).

■　　　We agree that the beneficiary in these cases is not only a plausible but a classic "intended" third-party beneficiary of the lawyer's promise to his client within the rule of Restatement section 302(1)(b) and may enforce the duty so created, as stated *id.* section 304. *See, e.g., Johnson v. Doughty,* 236 Or 78, 83, 385 P2d 760 (1963); *Parker v. Jeffery,* 26 Or 186, 189, 37 P 712 (1894) (stating rule that a contract may be enforced by one for whose benefit it was intended). The promise, of course, was not that the lawyer would pay plaintiff the stipulated sum, and it is too late for the lawyer to perform the promise that he did make, but this does not preclude an action for damages for the nonperformance. In principle, such an action is available to one in plaintiff's position.

■　　　Because under third-party analysis the contract creates a "duty" not only to the promisee, the client, but also to the intended beneficiary, negligent nonperformance may give rise to a negligence action as well. Not every such contract will support either claim. A contract to prepare a will or other instrument may promise different things. It may undertake to make a particular disposition by means specified by the client (for instance, in trust, or by a gift of identified property), or to accomplish the intended gift by specified means of the lawyer's choosing. Failure to do what was promised then would be a breach of contract regardless of any negligence. On the other

---

of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

"* * * * *

"(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

"(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary."

hand, the lawyer's promise might be to use his best professional efforts to accomplish the specified result with the skill and care customary among lawyers in the relevant community. Because negligence liability of this kind arises only from the professional obligation to the client, it does not threaten to divide a lawyer's loyalty between the client and a potentially injured third party, as defendant argues.

■     Whether breach of that kind of promise is properly characterized as a breach of contract or as negligence, we have said, depends on the legal rule for which its character is at issue. *See Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 252 n 6, 611 P2d 1158 (1980). That case, like this one, involved an issue whether the action was commenced in time. We cited *Currey v. Butcher, supra,* to illustrate that a breach of professional duty could give rise to an action "either in assumpsit, for a breach of the implied promise, or in case, for the neglect of the duty." *Securities-Intermountain,* 289 Or at 254. We also noted Justice O'Connell's observation, in *Bales for Food v. Poole,* 246 Or 253, 424 P2d 892 (1967), that the different statutory time limitations for tort and contract claims deserved legislative reconsideration. 289 Or at 260.

In the present case, the Court of Appeals held that plaintiff's complaint pleaded only a tort claim. In the court's view, the complaint alleged no more than that the alleged professional contract "merely incorporate[d] by reference or by implication a general standard of skill and care to which the defendant would be bound independent of the contract." 83 Or App at 58, *quoting Securities-Intermountain,* 289 Or at 259. Quoting the same paragraph, plaintiff's brief contends, to the contrary, that defendant and his client "spelled out the performance expected by the [client] and promised by the defendant in terms that commit the defendant to this performance without reference to and irrespective of any general standard." 289 Or at 259.

■     The complaint alleged as follows:

"4.   In March 1982, Robert Rogers instructed defendant to draft documents to accomplish certain dispositions of Rogers' money and property. Rogers identified for defendant Rogers' intended beneficiaries and the bequests he intended to make.

"5.   Defendant assumed the duty of ensuring that the

documents defendant drafted accomplished the distribution of Rogers' money and property that Rogers wanted to occur on his death. Defendant's duty extended to the persons Rogers identified as his intended beneficiaries.

"6. Rogers identified plaintiff to defendant as Rogers' intended beneficiary. Rogers also told defendant that he wanted plaintiff to receive a $300,000 gift at Rogers' death.

"7. Defendant failed to include, in either a trust or a will that defendant drafted for Robert Rogers in March 1982, a provision giving plaintiff $300,000 upon Rogers' death, as directed by Rogers."

These paragraphs adequately allege a claim that defendant was to use his professional skill to accomplish the donor's objectives and failed to do so. That is a tort claim for purposes of the statute of limitations.

■ The pertinent allegations of the contract claim were:

"18. Relying on defendant's promise to select a better legal mechanism by which to give plaintiff the gift, Rogers refrained during his lifetime from giving plaintiff his Cooper Industries stock. Defendant specifically told Rogers that defendant would prepare a trust document wherein Rogers and plaintiff would be co-trustees and through which plaintiff would receive the gift Rogers' [*sic*] intended her to have. Rogers specifically directed defendant to draft the trust and to include plaintiff's $300,000 gift.

"19. On March 8, 1982, defendant presented a trust document to Rogers for Rogers to execute. Defendant told Rogers and plaintiff, who were co-trustees of the trust, that the document included the $300,000 gift to plaintiff. Relying on defendant's representations, Rogers and plaintiff executed the trust without reading it.

"20. Defendant and Rogers specifically contracted for defendant to draft the trust document with plaintiff's gift in it. Defendant breached that contract by failing to include the provision for plaintiff to receive the $300,000 gift."

These paragraphs allege breach of a specific promise "that defendant would prepare a trust document wherein Rogers and plaintiff would be co-trustees and through which plaintiff would receive the gift Rogers intended her to have," a "trust document with plaintiff's gift in it." They allege, not that defendant performed this promise negligently, but that he did not perform it at all. As far as these allegations went, he might

have broken the promise purposely, or under circumstances that might be a partial or entire defense to a negligence claim.

The allegations of the terms of the contract are not as detailed as those in the architect's contract annexed to the complaint in *Securities-Intermountain.* Whether this agreement in fact was sufficiently specific to go beyond a general promise by defendant to use his professional skills to carry out the assigned project is a matter for proof. Lacking a detailed written contract like that in *Securities-Intermountain,* it may depend on correspondence, memoranda, or testimony. When an alleged contract does not lend itself to incorporation of a writing in the complaint, the issue at least may have to await affidavits and possible counteraffidavits on motion for summary judgment. ORCP 47D. It should not have been decided on a motion under ORCP 21 to dismiss the complaint. For this reason, we reverse so much of the decision of the Court of Appeals as affirmed the dismissal of the contract claim. We agree with the court's decision to leave to the circuit court plaintiff's allegations asserting that defendant waived the time limit for the negligence claim or is estopped to assert it.

The decision of the Court of Appeals is affirmed in part and reversed in part, the trial court's judgment is reversed, and the case is remanded to the trial court for further proceedings.