[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this legal malpractice action, the defendant has brought a motion for summary judgment on the ground that the defendant owes no duty to the plaintiffs, and therefore, is entitled to CT Page 10568 judgment as a matter of law.
On June 25, 1991, the plaintiffs, Frederick Leavenworth and Phyllis Rianhard, beneficiaries under the will of their deceased mother, Maude S. Leavenworth, filed an amended two-count complaint against the defendant, Carleton Mathes, who drafted the will. The plaintiffs allege the following facts in their complaint. On July 1, 1988, the defendant, Carleton Mathes, prepared a will for the testatrix, Maude S. Leavenworth, containing the following distributions of property:
 a) A specific bequest to her son, Frederick Leavenworth, of $40,000;
 b) A specific bequest to her daughter, Phyllis Rianhard, of $25,000; and
 c) A specific devise of her real property (consisting of two dwelling houses with other improvements) to her son, Wesley Leavenworth.
Maude S. Leavenworth died on November 4, 1989. Upon her death, the liquid assets of her estate, excepting said real property, were insufficient to satisfy the specific bequests to her son, Frederick Leavenworth, and her daughter, Phyllis Rianhard.
Count one of the plaintiffs' amended complaint alleges negligence by the defendant in drafting the will of the testatrix in the following ways:
 1) Failure to inquire into the amount and nature of the assets of the testatrix;
 2) Failure to recognize and/or address the conflicting provision in the will granting the real property to one son and two specific bequests to two other children when there was insufficient property other than real estate to satisfy the bequests;
 3) Failure to draft the will with provision for the executor to mortgage or sell real estate in order to pay the two specific monetary bequests;
 4) Failure to advise the testatrix of the implication of the conflicting provisions of her will;
CT Page 10569
 5) Failure to inquire into the wishes of the testatrix in handling the inconsistent provisions of the will.
Count two alleges breach of implied contract by the defendant for the reason that the defendant, by his alleged negligence in count one, failed to effectively carry out the intentions of the testatrix. The defendant filed an answer and special defense on July 14, 1992. The plaintiffs filed a denial to the defendant's special defense on July 20, 1992.
Pursuant to Practice Book 378 et seq., the defendant filed a motion for summary judgment accompanied by a memorandum of law and affidavit, on the ground that there are no issues of material fact and that the defendant is therefore entitled to judgment as a matter of law. In his memorandum of law in support of the motion for summary judgment, the defendant claims that he owed no legal duty to the plaintiffs to ascertain the assets of the decedent's estate. In his affidavit in support of the motion for summary judgment, the defendant states that he drafted the will in accordance with the requests made by the testatrix. The plaintiffs' memorandum of law in opposition to the motion for summary judgment and the plaintiffs' opposing affidavits were filed with the court at short calendar on August 16, 1993.
"Practice Book 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Ins. Co., 219 Conn. 644,650, 594 A.2d 952 (1991), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991). The test is whether a party would be entitled to a directed verdict on the same facts. Id.
The party opposing summary judgment shall file opposing affidavits and other documentary evidence prior to the day of the summary judgment hearing. Practice Book 380. Failure to file these documents prior to the day the case is set down for CT Page 10570 short calendar, however, is not fatal. Practice Book 380 has not been construed "as a jurisdictional barrier that the parties can not waive or the court may not excuse under any circumstances." Pepe v. New Britain, 203 Conn. 281, 288 (1987). The court is considering the opposing memorandum and affidavits that were filed at the short calendar.
Generally, attorneys are not liable to persons other than their clients for the negligent rendering of services. An exception to this general rule has been recognized when the plaintiff can show that he or she was the intended or foreseeable beneficiary of the attorney's services. Krawczyk v. Stingle, 208 Conn. 239, 244 (1988), citing Mozzochi v. Beck,204 Conn. 490, 400 (1987). An attorney may be held liable to the intended beneficiary of a will, under either tort or contract, for the erroneous preparation of a will. Id., 245. "A promise to prepare a will pursuant to the instructions of a testatrix states a direct obligation to render a performance beneficial to her, i.e., the creation of a document which would enable her upon her death to effect the transfer of her assets to the beneficiaries named in her instructions." Stowe v. Smith,184 Conn. 194, 197-98, 441 A.2d 81 (1981). Thus, the intended beneficiary may bring an action against an attorney who has failed to draft a will in accordance with a testator's wishes. Krawczyk v. Stingle, supra.
The plaintiffs in the present case claim that the defendant is liable to them for his failure to inquire into the amount and nature of the testatrix's assets and his failure to make a provision under the will to fund specific bequests in the event that the testatrix's assets were insufficient. The defendant claims that he did not owe a duty to the plaintiffs, as beneficiaries under the will, to inquire into the assets of the testatrix at the time he drafted the will. "The existence of a duty is a question of law and `[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand.'" Petriello v. Kalman, 215 Conn. 377, 382-83, 576 A.2d 474
(1990), quoting Shore v. Stonington, 187 Conn. 147, 151-52,444 A.2d 1379 (1982). "If the court determines, as a matter of law, that a defendant owes no duty to a plaintiff, a verdict should be directed because it is merely reaching more speedily and directly a result which would inevitably be reached in the end. Simmonds v. Southern Connecticut Gas Co., 7 Conn. App. 245, 250
(1986). There is no case law in Connecticut or in other CT Page 10571 jurisdictions to support the plaintiffs' claim that an attorney owes a duty to the beneficiaries to inquire into the assets of a testatrix at the time a will is drafted.
Determining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy. Krawczyk v. Stingle, supra. The Connecticut Supreme Court has followed the test, as formulated in other jurisdictions, that is applied in determining whether a beneficiary is entitled to bring an action against an attorney for negligence in drafting a will. Id. Under this test, courts look principally to whether the primary or direct purpose of the transaction was to benefit the third party. Id. 245. In addition, courts consider additional factors including the foreseeability of harm, the proximity of the injury to the conduct complained of, the policy of preventing future harm and the burden on the legal profession that would result from the imposition of liability. Id., 245-46.
The question before the court is whether an attorney who drafts a will should be liable for failing to inquire into the assets of the testatrix or failing to include a provision in the will allowing the executor to sell or encumber real estate in order to satisfy certain specific bequests. The Connecticut Supreme Court has noted that courts have refrained from imposing third party liability on an attorney when such liability has the potential of interfering with the attorney's ethical obligations to the client. Id., 246. One jurisdiction determined that the extent of an attorney's liability to his client for whom he had drafted a will is as follows:
 When an individual retains an attorney to draft his will, the attorney's obligation is to use the care, skill, diligence and knowledge that a reasonable, prudent lawyer would exercise in order to draft the will according to the testator's wishes. Once that duty is accomplished, the attorney has no continuing obligation to monitor the testator's management of his property to ensure that the scheme originally established in the will is maintained.
Stangland v. Brock, 109 Wash.2d 675, 747 P.2d 464 (1987).
In Hale v. Groce, 304 Or. 281, 744 P.2d 1289 (1987), an attorney was found liable to the intended beneficiaries under a CT Page 10572 will for failure to include a specific bequest to the plaintiff as was directed by the client. In that case, the defendant's negligent nonperformance gave rise to liability. Id., 1292. In the present case, the purpose of the transaction under the will was to provide for the passing of specific bequests of $40,000 and $25,000, respectively, to Frederick Leavenworth and Phyllis Rianhard. The defendant prepared the decedent's will to provide for this disposition.
Plaintiff makes no claim that defendant failed to draft a will in accordance with the decedent's wishes. Once that had been accomplished, defendant had fulfilled his obligation to his client.
The defendant's Motion for Summary Judgment is granted.
Robert J. Nichols for plaintiff.
George J. Duborg for defendant.