Argued and submitted June 6, affirmed on appeal of plaintiffs Brian and Kevin Seim, Koehler and Hively; defendant Soriano's appeal dismissed as moot November 23, 1988

SEIM et al,
*Appellants,*

*v.*

SORIANO et al,
*Respondents.*

SEIM et al,
*Respondents,*

*v.*

SORIANO,
*Appellant,*

*and*

SEIM et al,
*Respondents.*

(A8411-06807; CA A44679)

764 P2d 591

Gerald R. Pullen, Portland, argued the cause and filed the briefs for appellant-respondent Gregory B. Soriano.

Arnold S. Polk, Beaverton, argued the cause and filed the briefs for appellants-respondents Brian Dean Seim and Kevin Joseph Seim, by and through Joseph Koehler, their guardian ad litem; and Janine Hively.

Gary L. Tyler, Portland, argued the cause for respondents Harvey and Inez Seim. With him on the brief was Galton, Popick & Scott, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiffs in this legal malpractice action appeal from a judgment entered for defendant Soriano pursuant to ORCP 67B, assigning error to the granting of that defendant's motion for summary judgment. Defendant filed a separate "protective" appeal from a judgment entered pursuant to ORCP 67B for defendants Harvey and Inez Seim dismissing his cross-claim against them for indemnity.[1]

Plaintiffs' second amended complaint alleges in relevant part that: plaintiffs, Janine Hively and her two minor children, retained defendant as their attorney in a dissolution of marriage proceeding between plaintiff Hively and her then husband, William Seim, now deceased; in that proceeding, defendant drafted, and the trial court entered, a judgment of dissolution, which, among other things, required that William "maintain his present life insurance policy at the present limits for the minor children"; William died within six months after the judgment; the insurance company holding the policies on the life of William, Connecticut Mutual Life Insurance Company, denied plaintiffs' claim for the proceeds on the ground that it had paid the proceeds to the named beneficiaries, defendants Harvey and Inez Seim, William's parents; if the insurance company had been notified of the terms of the dissolution judgment, it would not have paid the proceeds of the policy except in accordance with the terms of the judgment; William had had life insurance for the benefit of his children at the time the dissolution proceeding began, but the beneficiaries were changed during its pendency. Plaintiffs alleged that defendant was negligent in that:

"(1) He failed to notify the insurance company that insured the life of William Seim of the terms of the Decree of Dissolution.

"(2) He failed to instruct plaintiffs to notify the insurance company that insured the life of William Seim of the terms of the Decree of Dissolution.

---

[1] The trial court also entered an order dismissing plaintiffs' claim against defendants Harvey and Inez Seim, but it has not entered a judgment to that effect. Although Harvey and Inez Seim are named as respondents in plaintiff's appeal, they had been dismissed by stipulation at the trial level and plaintiffs make no assignments as to them. The ORCP 67B judgment with respect to defendant Soriano is separately appealable by plaintiffs. In this opinion, we refer to Soriano as defendant.

"(3)   He failed to determine the existence of insurance referred to in the Decree of Dissolution."

As a result of that negligence, plaintiffs claim to have been damaged.

The claim appears to be based in part on ORS 107.820, authorizing a dissolution court to order the spouse obligated to pay support to maintain existing insurance policies on the life of the obligor. At the time of the judgment, ORS 107.820(6) provided, in part:

> "Life insurance retained * * * for the purpose of protecting the support [obligation] * * * shall not be reduced by loans or any other means of reduction until the obligation has been fulfilled. A certified copy of the decree shall be sent to the life insurance company or companies."[2]

Plaintiffs' theory apparently is that, if defendant had notified the insurance company *of the terms* of the judgment, the company would have paid policy benefits in accordance with those terms. In granting summary judgment for defendant, the trial court stated that defendant had no duty to the children, because there was no privity of contract between him and them, and that defendant had no duty under ORS 107.840(6) to notify the insurance company.

Given our view of this case, we need not decide whether an attorney who represents a custodial parent in a dissolution proceeding also represents the minor children or whether "privity" is necessary to enable the children to bring an action against the attorney if the attorney's negligence

---

[2] ORS 107.820(6) now provides, in part:

"Life insurance retained * * * for the purpose of protecting the support [obligation] * * * shall not be reduced by loans or any other means of reduction until the obligation has been fulfilled. The obligee or the attorney of the obligee shall cause a certified copy of the decree to be delivered to the life insurance company or companies. *If the obligee or the attorney of the obligee delivers a true copy of the decree to the life insurance company or companies, identifying the policies involved and requesting such notification under this section, the company or companies shall notify the obligee, as beneficiary of the insurance policy, whenever the policyholder takes any action that will change the beneficiary or reduce the benefits of the policy.* Either party may request notification by the insurer when premium payments have not been made. If the obligor is ordered to provide for and maintain life insurance, the obligor shall provide to the obligee a true copy of the policy. The obligor shall also provide to the obligee written notice of any action that will reduce the benefits or change the designation of the beneficiaries under the policy." (Emphasis supplied.)

causes them damages, *see Hale v. Groce,* 83 Or App 55, 730 P2d 576, *aff'd in part, rev'd in part* 304 Or 281, 744 P2d 1289 (1987), or whether, assuming that the attorney's negligence caused a loss of support to the children, the custodial parent has a legally cognizable claim for damages.

The problem in this case started with the preparation of the dissolution judgment by defendant. It requires William to "maintain his present life insurance policy at the present limits for the minor children." We know from the record that there never was a policy naming the children as beneficiaries; there were at least five policies, some of which, at least, had named plaintiff Hively as beneficiary. Before the dissolution, William had changed the beneficiaries on those policies to be his parents, the Seims. We have no doubt that, if the judgment had described the policy or policies, giving the name of the insurer and the policy number or numbers and that, if a certified copy of the judgment had been delivered to the insurer, plaintiffs would have been protected.

Plaintiffs, however, do not allege that defendant was negligent in either of those respects. Had they done so, that negligence would have been the direct cause of plaintiffs' damage. In this action, plaintiffs accept the dissolution judgment as adequate and allege that defendant was negligent in failing to notify the insurer of the *terms* of the judgment, in failing to instruct plaintiffs to do so and in failing to determine the existence of insurance referred to in the judgment.[3] On this record, even if defendant had done those things, plaintiffs would not have been protected.

The only evidence concerning what the insurance company would have done had it received notice of the terms of the judgment is the affidavit of the associate counsel, an officer of the company:

> "If Connecticut Mutual Life Insurance Company had received *notice of the terms of the Decree* and Dissolution of the marriage of Janine M. Seim and William D. Seim dated May 27, 1982, a copy of which is attached as Exhibit A, at any time prior to the death of William Seim, *the Company would have requested completion of a waiver form,* a sample of which

---

[3] Plaintiffs sought leave to file a third amended complaint, which was denied. They do not assign error to that ruling.

is attached as Exhibit B. The waiver form would have been requested because the Decree of Dissolution does not specifically mention Connecticut Mutual Life Insurance Company or any policy number. *Distribution of the proceeds would have been made pursuant to the completed waiver.* However, *if [a copy of the decree] was received* by the Company *after the death of William Seim* and before disbursement of the proceeds of any Connecticut Mutual life insurance policy then the *Company would have held the proceeds of such insurance pending a judicial determination* of the rights of the parties since the named beneficiaries of the insurance otherwise payable by Connecticut Mutual were not the minor children mentioned in said Exhibit A." (Emphasis supplied.)

The only possible reading of the affidavit is that, because the judgment does not specifically identify the insurer or the policy number, if the company had received notice of the *terms* of the judgment, it would not have paid out, or even held up, the proceeds for the benefit of the children. Instead, it would have required William to complete a waiver of his right to designate the beneficiaries of the policy and, if he did so, would have paid benefits accordingly. However, if William had not signed and returned the waiver, the company would have paid the proceeds in accordance with the designation of beneficiaries on the policy.

If notice had been received after William's death, the company would have held the insurance proceeds pending judicial determination of entitlement to them if a *copy of the judgment* had been delivered to it. In other words, the insurer required more after the insured's death to justify its withholding payment from the designated beneficiaries. The complaint does not allege that defendant was negligent in failing to send a copy of the judgment to the insurance company.

Given the specifications of negligence and the record on summary judgment, there is no genuine issue of fact as to whether defendant's alleged negligence caused plaintiffs' damage. Accordingly, we affirm the summary judgment for defendant, albeit for reasons different from those given by the trial court. Given our disposition of plaintiffs' appeal, defendant's appeal on his cross-claim is moot.

Affirmed on appeal of plaintiffs Brian and Kevin Seim, Koehler and Hively; appeal of defendant Soriano dismissed as moot.