Chief Judge Fuld.
 

 This is an action, brought pursuant to section 51 of the Civil Rights Law, to recover damages for an alleged invasion of privacy arising out of the defendant’s unauthorized use of the plaintiff’s photograph on the cover of an issue of
 
 New York
 
 magazine, which is published and distributed by the defendant.
 

 
 *408
 
 The plaintiff sells newspapers in Queens County. Although he is not of Irish extraction, it was his practice each year to attend the St. Patrick’s Day Parade in Manhattan, attired in what has been regarded as typically Irish garb — a so-called “ Irish ” hat, green bow tie and green pin. On March 17, 1967, while watching the parade, the plaintiff was photographed, without his consent, by a freelance photographer who later sold the picture to the defendant. The photograph appeared, two years later, on the front cover of the March 17, 1969 issue of the defendant’s magazine. Directly above that photograph appeared the title of a feature article in bold green print ■—
 
 “
 
 The Last of the Irish Immigrants, by Jimmy Breslin.” The plaintiff was not named in the article, however, nor was any reference made to the cover photograph.
 

 In this action, commenced about a month later, the plaintiff alleged that the defendant had violated section 51 of the Civil Rights Law by publishing the photograph ‘ ‘ for advertising purposes or for the purposes of trade ” without first obtaining his written consent.
 
 [1]
 
 The plaintiff’s motion for summary judgment and a cross motion by the defendant seeking dismissal of the complaint were denied by the court at Special Term on the grounds that “ [t]he question of whether the plaintiff’s photograph has some relevance to the article * * * and the question of whether or not the picture was used for advertisement or purposes of trade are questions of fact that must be decided on the trial”. On appeal by the defendant, a closely divided Appellate Division affirmed without opinion and granted leave to appeal to this court on a certified question.
 

 The plaintiff, as already indicated, relies for his cause of action upon the language of section 51 of the Civil Rights Law which, in part, prohibits the use of any picture ‘‘ for advertising purposes or for the purposes of trade without * * * written consent first [being] obtained”. The law is settled, however,
 
 *409
 
 that ‘‘A picture illustrating an article on a matter of public interest is not considered used for the purpose of trade or advertising within the prohibition of the statute * * * unless it has no real relationship to the article * * * or unless the article is an advertisement in disguise
 
 (Dallesandro
 
 v.
 
 Holt & Co.,
 
 4 A D 2d 470, 471, app. dsmd. 7 N Y 2d 735; see, also,
 
 Pagan
 
 v.
 
 New York Herald Tribune,
 
 32 A D 2d 341, affd. 26 N Y 2d 941;
 
 Oma
 
 v.
 
 Hillman Periodicals,
 
 281 App. Div. 240;
 
 Thompson
 
 v.
 
 Close-Up,
 
 277 App. Div. 848.) The present article, as the plaintiff himself acknowledges, is concerned with “ an event of public interest to many New Yorkers ’’, and his photograph was used simply to spotlight this newsworthy event. Dressed in striking attire to celebrate the occasion, he voluntarily became part of the spectacle and, since “ some newsworthy incident affecting him [was] taking place, [his] right of privacy is not absolute, but limited.”
 
 (Gautier
 
 v.
 
 Pro-Football,
 
 304 N. Y. 354, 360; see, also, Prosser, Law of Torts [3d ed., 1964], § 112, p. 836; Note, Right of Privacy—Effect of Lapse of Time and Distortion of Pact, 52 Col. L. Rev. 664, 665.) In other words, the plaintiff was singled out and photographed because his presence constituted a visual participation in a public event which invited special attention.
 

 The article dealt with the contemporary attitudes of Irish-Americans in New York City, referred to the gaiety of the St. Patrick’s Day festivities and included comments about the parade. It may not, therefore, be said that the photograph of the plaintiff at that event was not related to the subject matter contained in the article. This being so, the fact that its use on the cover may, perhaps, have stimulated magazine sales does not render it violative of the statute. (See, e.g.,
 
 Pagan
 
 v.
 
 New York Herald Tribune,
 
 32 A D 2d 341, 343, affd. 26 N Y 2d 941,
 
 supra; Oma
 
 v.
 
 Hillman Periodicals,
 
 281 App. Div. 240, 244, supra;
 
 Dallesandro
 
 v.
 
 Holt & Co.,
 
 4 A D 2d 470, 471, app. dsmd. 7 N Y 2d 735,
 
 supra; Booth
 
 v.
 
 Curtis Pub. Co.,
 
 15 A D 2d 343, 349-350, affd. 11 N Y 2d 907.) Quite obviously, that picture was published, just as was the photograph in the
 
 Pagan
 
 case (32 A D 2d 341, affd. 26 N Y 2d 941,
 
 supra),
 
 “ in connection with the presentation * * * of a matter of legitimate public interest to readers ’ ’ and since, as already indicated, it bears a reasonable relationship to such presentation, its use on the
 
 *410
 
 magazine’s cover “is not actionable as a use for the purpose of advertising or trade within the prohibition of the statute unless the presentation is in effect an advertisement in disguise ” (p. 343).
 

 The order should be reversed, without costs, the defendant’s cross motion for summary judgment granted and the certified question answered in the negative.
 

 Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur; Judge Burke taking no part.
 

 Order reversed, without costs, and case remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the negative.
 

 [1]
 

 . Section
 
 51
 
 of the Civil Rights Law, insofar as pertinent, recites that
 
 “
 
 Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use ”.