**Carl FRIEDAN, Plaintiff,**

v.

**Betty FRIEDAN et al., Defendants.**

**No. 75 Civ. 1827.**

United States District Court,
S. D. New York.

June 9, 1976.

Goldstein & Litwack, New York City, for plaintiff; Martin A. Litwack, New York City, of counsel.

Hall, McNicol, Marett & Hamilton, New York City, for defendants; E. Douglas Hamilton, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Defendants move for summary judgment in this action brought under sections 50 and 51 of the Civil Rights Law of New York. Plaintiff seeks damages for the unauthorized use of his name and photograph in an article written by his former wife, Betty Friedan, and published in New York Magazine, both of whom are named as defendants with respect to that publication. He also seeks recovery of damages from three defendant broadcasting companies for the use of that photograph appearing on a page of the magazine broadcast in spot commercials on their television channels as part of an advertising campaign promoting the issue in which the article appeared.

The theme of the magazine issue was a twenty-five year throwback to the year 1949 described as "The Year We Entered Modern Times" with a series of articles. The Betty Friedan article, describing her life as a housewife in that year, was illustrated by the photograph, which pictured the author, her then husband, plaintiff Carl Friedan, and their son Danny in 1949.

Defendant Betty Friedan, as a leader of the feminist movement, is a public figure. All incidents of her life, including those which contrast with her present status and views, are significant in terms of the interest of the public in news. Thus,

her connubial life and experience twenty-five years ago is a matter of public interest, and those who played a part in her life then may be referred to publicly.

Her former husband's right of privacy is subordinated to the public interest in news. In a family picture, which in a sense invades her then husband's privacy as one of the three shown in the picture, plaintiff cannot be separated from the other members of his family. As was put in *Sidis v. F–R Pub. Corp.:*[1] "Everyone will agree that at some point the public interest in obtaining information becomes dominant over the individual's desire for privacy."

■ The picture of plaintiff together with his former wife and their child was related to and illustrative of the article describing her life twenty-five years ago, which was a matter of public interest. In this circumstance it cannot be considered used for the purpose of trade or advertising within the prohibition of the New York Civil Rights statute.[2] "It has long been recognized that the use of name or picture in a newspaper, magazine, or newsreel, in connection with an item of news or one that is newsworthy, is not a use for purposes of trade within the meaning of the Civil Rights Law."[3]

■ On the other hand, the use of plaintiff's photograph on television in commercials advertising the New York Magazine issue in which his former wife's article appeared was clearly "for advertising purposes." However, it has long been held that, under New York law, an advertisement, the purpose of which is to advertise the article, "shares the privilege enjoyed by the article" if the "article itself was unobjectionable."[4]

■ Thus, although plaintiff alleges he has made every effort to disassociate himself from his former wife's public status to preserve his identity as a private person, he does not assert a cause of action under the New York Civil Rights Act. As the court held in *Man v. Warner Bros., Inc.,*[5] "[i]t is plain that the restrictions on the application of Section 51 . . . are not limited to public figures." Matters of public interest may and often do involve wholly private individuals and may still be reported or depicted without entailing liability under section 51. While plaintiff here has not acted affirmatively to make himself newsworthy, within the limited context of his past relationship to defendant Betty Friedan, who is a public figure, such a role has been thrust upon him.

Since plaintiff has failed to state a claim under the New York Civil Rights Act upon which his complaint is exclusively grounded, the defendants' motion for summary judgment is granted.

1.   113 F.2d 806, 809 (2d Cir.), *cert. denied,* 311 U.S. 711, 61 S.Ct. 393, 85 L.Ed. 462 (1940).

2.   *Cf. Murray v. New York Magazine Co.,* 27 N.Y.2d 406, 408–09, 318 N.Y.S.2d 474, 267 N.E.2d 256 (1971).

3.   *Gautier v. Pro-Football,* 304 N.Y. 354, 359, 107 N.E.2d 485, 488 (1952).

4.   *Sidis v. F–R Pub. Corp.,* 113 F.2d 806, 810 (2d Cir.), *cert. denied,* 311 U.S. 711, 61 S.Ct. 393, 85 L.Ed. 462 (1940). *See also Humiston v. Universal Film Mfg. Co.,* 189 App.Div. 467, 178 N.Y.S. 752, 759 (1st Dept. 1919); *Booth v. Curtis Pub. Co.,* 15 A.D.2d 343, 223 N.Y.S.2d 737, 741 (2d Dept.), *aff'd,* 11 N.Y.2d 907, 228 N.Y.S.2d 468, 182 N.E.2d 812 (1962).

5.   317 F.Supp. 50, 52 (S.D.N.Y.1970).