Argued and submitted April 27, affirmed September 28, reconsideration denied
November 10, petition for review denied November 29, 1983 (296 Or 120)

## MARTINEZ,
*Appellant,*

*v.*

## DEMOCRAT-HERALD PUBLISHING
## COMPANY, INC. et al,
*Respondents.*

(81-2475-J2; A25542)

669 P2d 818

Michael Jewett, Ashland, argued the cause for appellant. With him on the briefs was Jacobson, Jewett & Thierolf, Ashland.

John W. Eads, Jr., Medford, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this action for invasion of privacy, plaintiff appeals from a directed verdict for defendants on her first claim (commercial benefit) and from an unanimous jury verdict for defendants on her second claim (false light). She contends that the trial court erred in denying her pretrial motion to limit evidence of her use of illegal drugs and in allowing defendants' motion for a directed verdict. We affirm.

Plaintiff was a junior high school student. A story appeared in defendants' newspaper discussing drug use in the local junior high school. Accompanying the story were several photographs of what the story said were "apparent drug transactions" between junior high school students. Plaintiff was one of the students in the photographs. Although the photographs were specially processed in an effort to make the students in them unrecognizable, plaintiff alleges that she was recognized by schoolmates, teachers and parents. She denies that she was engaged in any drug transaction. She alleges that defendants used her photograph without her consent for their own commercial benefit and that the publicity cast her in a "false light."

Plaintiff made a pretrial motion to exclude at trial any evidence of her possession, use or knowledge of illegal drugs, other than at the time and place at which her photograph was taken, if the evidence were not of a criminal conviction. The trial court denied that motion. After plaintiff had presented her case, defendants' motion for a directed verdict on the commercial benefit claim was granted. Thereafter, the jury returned an unanimous verdict for defendants on the false light claim.

Plaintiff's first assignment challenges the admission of evidence of her use of marijuana. Defendants contend that plaintiff did not preserve the claimed error. Because we conclude that the trial court's ruling was correct on the merits, we need not consider defendants' waiver contention.

The trial court denied her motion on the ground that the evidence was relevant to the issue of defendants' portrayal of her in a false light. Plaintiff did not renew her objections to that evidence during trial. In her case-in-chief, she presented evidence of her marijuana use to minimize any prejudicial effect defendants' evidence about that use might have had.

Plaintiff's motion states her grounds for exclusion as OEC 403 and 404.

■        An essential element of plaintiff's claim for invasion of privacy is that the publicity that allegedly placed her in a false light contains some falsity or fiction concerning her that would be objectionable to a reasonable person under the circumstances.[1] Prosser, Law of Torts 812-13, § 117 (4th ed 1971). The false light pleaded by plaintiff was that she was engaged in "apparent drug transactions." She testified that she objected to the photograph because it portrayed her as a drug user and as someone who deals in drugs. That portrayal necessarily put her activities with respect to drug use in issue. In fact, her activities were essential to the defense to her false light claim. Evidence of plaintiff's drug use was relevant to the question whether defendants' portrayal of her put her in a false light. We find no error.

■■        Plaintiff's commercial benefit claim was premised on Restatement (Second) of Torts § 652C (1976):

> "One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy."

Under this section, plaintiffs have recovered damages when their names, pictures or other likenesses have been used without their consent to advertise a defendant's product, to accompany an article sold, to add luster to the name of a corporation or for some other business purpose. Prosser, *supra,* 805, § 117. Generally it is held that section 652C is *not* applicable when a person's picture is used to illustrate a noncommercial, newsworthy article. As stated in Comment *d* to the section:

> "* * * The fact that the defendant is engaged in the business of publication, for example of a newspaper, out of which he makes or seeks to make a profit, is not enough to make the incidental publication a commercial use of the name or likeness. Thus a newspaper, although it is not a philanthropic institution, does not become liable under the rule stated in this Section to every person whose name or likeness it publishes."

*See Jenkins v. Dell Publishing Company,* 251 F2d 447 (3d Cir), *cert den* 357 US 921 (1958); *Fogel v. Forbes, Inc.,* 500 F Supp

---

[1] We assume *arguendo* that "false light" is actionable, although Oregon has never expressly so held.

1081 (ED Pa 1980); *Neff v. Time, Inc.,* 406 F Supp 858 (WD Pa 1976); *Nelson v. Times,* 373 A2d 1221 (Me 1977); *Murray v. New York Mag. Co.,* 27 NY2d 406, 318 NYS2d 474, 267 NE2d 256 (1971).

■ Plaintiff contends that an exception exists when a photograph accompanies a "fictionalized" story. To "fictionalize" means "to make into, treat in the manner of, or regard as fiction." Webster's Third New International Dictionary 844 (unabridged 1971). Although plaintiff's witnesses testified in effect that they did not believe the story, there is no evidence that the story was fictionalized or that defendants treated the story as fiction.

Plaintiff alleged that the unauthorized use of her photograph in conjunction with a news story conveyed extraordinary commercial benefit on defendants. She concedes that the commercial nature of a newspaper alone is insufficient proof of commercial benefit, but she argues that her evidence showed that the defendants used her photograph to benefit themselves in a more commercial way than the incidental benefit an interesting story might normally provide. Her evidence showed that the newspaper's circulation had been decreasing and that it had laid off several employes. She points to the "feature" nature of the story, that it was six weeks in the making, that it appeared in the "People" section of the newspaper rather than in the "hard-news" section and to the public interest in the story's subject matter. She contends that the story was primarily intended to arouse readers' interest, thereby increasing circulation, rather than merely to disseminate news.

■ While perhaps not "fast-breaking news," the story did discuss a timely subject of interest in the community. A newspaper is not a philanthropic institution, and it would hardly make sense to print stories that were of little interest to its readers. Plaintiff's evidence did not show that the story had, or was even intended to have had, an extraordinary commercial benefit to defendants.[2] The trial court properly directed a verdict for defendants on plaintiff's commercial benefit claim.

Affirmed.

---

[2] We need not decide whether, had her evidence been sufficient, such a claim could be sustained against a newspaper under the First Amendment or the Oregon Constitution.