Argued and submitted November 28, 1984, reversed and remanded March 6, reconsideration denied April 19, petition for review allowed June 18, 1985 (299 Or 313)

**ANDERSON,**
*Appellant,*

*v.*

**FISHER BROADCASTING COMPANIES,
INC., dba KATU TV,**
*Respondent.*

(A8302-00744; CA A30110)

696 P2d 1124

Gregory Kafoury, Portland, argued the cause for appellant. With him on the briefs were Christopher Mohr, and Kafoury & Hagen, Portland.

John R. Faust, Jr., Portland, argued the cause for respondent. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action for damages for invasion of privacy and unauthorized appropriation of plaintiff's person for defendant's commercial advantage. See *Restatement (Second) Torts,* §§ 652C, 652D (1976). Plaintiff appeals from a summary judgment in favor of defendant. The dispositive issue is whether the television broadcast that used plaintiff's image was newsworthy as a matter of law and therefore privileged.[1] Viewing the record in the light most favorable to plaintiff, *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980), we conclude that there was a genuine issue of material fact raised by the record on summary judgment. We reverse and remand.

Plaintiff was involved in a single car accident. He sustained serious injuries and received emergency medical treatment at the accident scene. His face was bloody, and he was apparently in great pain. While he was receiving treatment, he was filmed by one of defendant's photographers.

Defendant did not show the film of plaintiff on its regular news program, nor did it report the accident. About one week later, a portion of the film was used as a background picture for an advertisement for a special news report concerning a newly installed emergency medical assistance dispatch system. Plaintiff's face was recognizable in the film.

The trial court determined that defendant's use of the film was privileged. The trial judge stated:

"Television films of injured automobile accident victims are 'newsworthy.' Such films do not lose that status because they are not publicized promptly.

"* * * * *

"While it is true that the dictionary definition of news includes the element of a recent happening, 'newsworthy' means in law, a matter of public interest. There could be many reasons why the film footage was not publicized promptly during a conventional T.V. news program which are unrelated to the issue of newsworthiness. What happened to routine

---

[1] Defendant also raises other state and federal constitutional defenses. *See Martinez v. Democrat-Herald Pub. Co.,* 64 Or App 690, 694 n 2, 669 P2d 818 (1983); *see also Bank of Oregon v. Independent News,* 298 Or 434, 670 P2d 616 (1984). We conclude that it is premature for us to address those issues because they were not considered by the trial court.

news, the day that President Kennedy was assassinated? Did a newsworthy event that occurred on that day lose such status because it was pre-empted by an incident of greater public interest?

"Nor were the films [sic] 'newsworthiness' lost because they were subsequently used for the purpose of attracting viewers to watch defendant's T.V. channel. In effect, the defendant was utilizing one newsworthy event (the films of plaintiff's [sic]) to publicize another event (the newly installed emergency medical system)."

Plaintiff argues that an issue of fact exists concerning whether or not the film was newsworthy, considering the use to which it was put. He submits that the film was but a "dramatic generic illustration of an auto accident victim of no legitimate public concern." Defendant argues that there can be no claim for invasion of privacy when, in connection with the dissemination of news, a news medium broadcasts pictures of a person's involvement in a public event, unless that person is shown in a false light. It relies on *Cox Broadcasting Corp. v. Cohn,* 420 US 469, 95 S Ct 1029, 43 L Ed 2d 328 (1975), which held that, under the First and Fourteenth Amendments, no civil liability may be imposed on a newspaper for publishing materials—there a rape victim's name—obtained from judicial records. The holding in *Cox* is narrow; it is not controlling here. 420 US at 491.

Defendant also contends that its use of the film was newsworthy as a matter of law and that, because the event occurred in public, the film is in the public domain and, thus, there was no unauthorized commercial use of plaintiff's image. We conclude that an issue of fact exists concerning whether the film of plaintiff was newsworthy. Plaintiff concedes that a privilege would attach if defendant had reported the accident itself. Defendant did not do so. The film did not appear as news. The advertisement in which it appeared did not refer to plaintiff's accident. It did not explain the relevance of the film to the viewing audience. Under those circumstances, we cannot say that the film was newsworthy as a matter of law.

Reversed and remanded.