870 F.2d 85
 10 U.S.P.Q.2d 1311, 16 Media L. Rep. 1408
 TITAN SPORTS, INC., Plaintiff-Appellant,
v.
COMICS WORLD CORPORATION, Comics World Corporation (U.S.A.),
Comics World, Inc., Starlog Group, Inc., O'Quinn
Studios, Inc., Kerry O'Quinn, Norman
Jacobs, Defendants-Appellees.
 No. 507, Docket 88-7734.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 22, 1988.
Decided March 14, 1989.
 
 Theodore E. Dinsmoor, Boston, Mass. (Gaston & Snow, Boston, Mass., Edward H. Rosenthal, Frankfurt, Garbus, Klein & Selz, P.C., New York City, of counsel), for plaintiff-appellant.
 David A. Beale, New York City (Perles Albert Koenig & Beale, New York City, of counsel), for defendants-appellees.
 Before NEWMAN and ALTIMARI, Circuit Judges, and GRIESA, District Judge.*
 ALTIMARI, Circuit Judge:
 
 
 1
 Plaintiff-appellant Titan Sports, Inc. appeals from a judgment of the United States District Court for the Southern District of New York (Leisure, J.), 690 F.Supp. 1315 (S.D.N.Y.1988), granting defendants-appellees' motion for summary judgment for failure to raise a genuine issue of material fact sufficient to establish a claim under New York Civil Rights Law section 51 ("section 51"). N.Y.Civ.Rights Law Sec. 51 (McKinney Supp.1988) On this appeal, we grapple with the issue of whether section 51 applies to the oversized photographs of professional wrestlers published by the defendants. Because we find that there is a genuine issue of material fact as to whether the photographs were used for "purposes of trade," we reverse.
 
 BACKGROUND
 
 2
 Plaintiff-appellant Titan Sports, Inc. ("Titan") promotes professional wrestling events under the trademarks "World Wrestling Federation" and "WWF." Affiliated with Titan are the well-known wrestling stars Hulk Hogan, Randy "Macho Man" Savage, Lou Albano, and Bruno Sammartino, among others. The dispute in this diversity action centers around numerous oversized photographs of Titan's wrestlers included in publications produced by defendant Comics World Corporation ("Comics World") entitled, inter alia, Wrestling All-Stars Poster Magazine and Wrestling All Stars Giant Pin-Ups. The disputed photographs are printed in full color on pages four times as large as the pages comprising the balance of the Comics World publications. Up to ten of these photographs are folded and stapled into the center of each publication so that they may not be viewed in their entirety unless unstapled and removed. The blurb "10 FULL COLOR WRESTLING POSTERS! HUGE SIZE!" or some variation of this theme, appears on the cover of Comics World's publications. Neither Titan nor the individual wrestlers had consented to Comics World's publication of the photographs.
 
 
 3
 For purposes of deciding the motions filed in the district court, the parties agreed that Titan "is the owner of all rights in the names and likenesses" of the wrestlers affiliated with Titan. Titan's wrestlers perform on a regular basis at approximately 200 arenas throughout the United States and Canada and are featured on several regularly scheduled broadcast and cable television programs produced by Titan. Titan also sells and/or licenses various products, including posters, bearing the names and likenesses of the wrestlers.
 
 
 4
 Titan made a variety of claims against Comics World in the district court. By agreement between the parties, all claims other than the one brought pursuant to section 51 were dismissed. The district court found Comics World's product to be "a bona fide newsstand publication" and concluded that this circumstance rendered its use of the photographs protected by the first amendment. Accordingly, the district court granted Comics World's motion for summary judgment under Fed.R.Civ.P. 56.
 
 DISCUSSION
 
 5
 In order to survive a motion for summary judgment, the party opposing the motion must provide a sufficient factual basis so that when all reasonable inferences therefrom are drawn in its favor, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); see R.C. Bigelow, Inc. v. Unilever N.V., 867 F.2d 102, 107 (2d Cir.1989).
 
 
 6
 Titan contends that the district court improperly granted Comics World's motion for a summary judgment because the record contains a sufficient factual basis for a jury to return a favorable verdict regarding Titan's section 51 claim and because that claim, based on New York's interpretation of the statute, does not encounter first amendment objection. We agree.
 
 
 7
 Section 51 provides remedies for the commercialization of an individual's personality without his consent. Stephano v. News Group Publications, Inc., 64 N.Y.2d 174, 183, 485 N.Y.S.2d 220, 224, 474 N.E.2d 580, 584 (1984). In order to establish a violation of section 51, a plaintiff must show that the defendant made use, within the state of New York, of plaintiff's name, portrait, or picture "for advertising purposes or for the purposes of trade" without plaintiff's written consent. N.Y.Civ.Rights Law Sec. 51; see, e.g., Brinkley v. Casablancas, 80 A.D.2d 428, 438 N.Y.S.2d 1004, 1007 (1st Dep't 1981). Comics World conceded that it published, sold, or distributed photographs of Titan wrestlers in New York without Titan's consent. The parties offered differing views to the district court, however, as to whether Comics World's use of the photographs was for purposes of advertising or trade. Judge Leisure properly determined, and Titan does not now contest, that Comics World's use of the photographs was not for advertising purposes. The only issue on appeal, therefore, concerns the narrow, albeit difficult, question of whether the use was for the purposes of trade.
 
 
 8
 Section 51 does not define "purposes of trade." However, the New York courts, cognizant of first amendment limitations, have made it clear that this term does not apply to "publications concerning newsworthy events or matters of public interest." Stephano, 485 N.Y.S.2d at 224, 474 N.E.2d at 584; see also Lerman v. Flynt Distributing Co., 745 F.2d 123, 131 (2d Cir.1984), cert. denied, 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985); Arrington v. New York Times Co., 55 N.Y.2d 433, 440, 449 N.Y.S.2d 941, 944, 434 N.E.2d 1319, 1322 (1982), cert. denied, 459 U.S. 1146, 103 S.Ct. 787, 74 L.Ed.2d 994 (1983); Murray v. New York Magazine Co., 27 N.Y.2d 406, 409, 318 N.Y.S.2d 474, 476, 267 N.E.2d 256, 257 (1971). Moreover, the New York courts have recognized that an insignificant public interest aspect of a "publication" cannot exempt it from the reach of section 51 where the primary aspect of the product is commercial. Thus, it is appropriate for a court to consider "whether the public interest aspect of the publication is merely incidental to its commercial purpose." Davis v. High Society Magazine, Inc., 90 A.D.2d 374, 457 N.Y.S.2d 308, 313 (2d Dep't 1982) (citing Gautier v. Pro-Football, Inc., 304 N.Y. 354, 359, 107 N.E.2d 485 (1952), and Brinkley, 438 N.Y.S.2d at 1004).
 
 
 9
 In the same vein, the New York courts have recognized that presentation of an item within a publication generally entitled to first amendment protection may constitute a use for purposes of trade, which is not entitled to first amendment protection. Thus, a photograph accompanying an article concerning a matter of public interest may still be considered a use for the purposes of trade if "it has no real relationship to the article ... or ... the article is an advertisement in disguise." Stephano, 485 N.Y.S.2d at 225, 474 N.E.2d at 585 (quoting Murray, 318 N.Y.S.2d at 476, 267 N.E.2d at 257). In contrast to the treatment of newsworthy items, it seems clear that photographs marketed as posters are used for the purposes of trade. See Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 222 (2d Cir.1978), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); Brinkley, 438 N.Y.S.2d at 1008. But see Paulsen v. Personality Posters, Inc., 59 Misc.2d 444, 299 N.Y.S.2d 501 (Sup.Ct.N.Y.Cty.1968) (poster of announced presidential candidate not a use for purposes of trade).
 
 
 10
 In applying section 51, a court must be ever mindful of the inherent tension between the protection of an individual's right to control the use of his likeness and the constitutional guarantee of free dissemination of ideas, images, and newsworthy matter in whatever form it takes. However, as the New York Court of Appeals has recognized, "[w]hile one who is a public figure or is presently newsworthy may be the proper subject of news or informative presentation, the privilege does not extend to commercialization of his personality through a form of treatment distinct from the dissemination of news or information." Gautier v. Pro-Football, Inc., 304 N.Y. 354, 359, 107 N.E.2d 485 (1952); see also Brinkley, 438 N.Y.S.2d at 1008 ("A public figure does not, however, surrender all right to privacy. Although his privacy is necessarily limited by the newsworthiness of his activities, he retains the 'independent right to have [his] personality, even if newsworthy, free from commercial exploitation at the hands of another.' " (quoting Booth v. Curtis Publishing Co., 15 A.D.2d 343, 351, 223 N.Y.S.2d 737, 745 (1st Dep't), aff'd, 11 N.Y.2d 907, 228 N.Y.S.2d 468, 182 N.E.2d 812 (1962))).
 
 
 11
 Titan conceded the newsworthiness of professional wrestling and the public figure status of wrestlers. The district court found that "defendants' product is a bona fide newsstand publication," and consequently that Comics World's "poster magazine" is protected by the first amendment. The determination that a product is "a bona fide newsstand publication," however, does not resolve the conflict before us.
 
 
 12
 While Comics World's product is sold at newsstands, items that are included within that product may have value for purposes of trade, despite an incidental value for dissemination of news. An item physically attached within the covers of a magazine is not automatically exempt from the scope of "purposes of trade" nor automatically entitled to first amendment protection. The first amendment does not protect "a subterfuge or cover for private or commercial exploitation." Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562, 581, 97 S.Ct. 2849, 2860, 53 L.Ed.2d 965 (Powell, J., dissenting). For example, Comics World could not staple a T-shirt bearing the likeness of a Titan wrestler between magazine covers and claim exemption from section 51 and first amendment protection for a "wrestling T-shirt magazine." A poster presents a somewhat closer case because news photos as such are entitled to the full protection of the first amendment. In determining whether the large photos folded and stapled inside Comics World's magazines are distributed for the purposes of trade and not entitled to first amendment protection, the trial court must consider whether these photos are included primarily for their "public interest aspect" or whether whatever public interest aspect might be involved "is merely incidental to [the distributors'] commercial purpose." Davis, 457 N.Y.S.2d at 313.
 
 
 13
 We agree with the district court that "the constitutional protection of the freedom of the press does not stop at 8" X 11"." Nevertheless, there remains a genuine issue of material fact as to whether Comics World used photographs of Titan wrestlers for the purposes of trade. In determining whether there has been a use for the purposes of trade, the fact-finder should consider a variety of factors including, but not limited to the nature of the item, the extent of its relationship to the traditional content of a magazine, the ease with which it may be detached from the magazine, whether it is suitable for use as a separate product once detached, and how the publisher markets the item.
 
 CONCLUSION
 
 14
 Accordingly, since there remains a genuine issue of material fact as to whether Comics World's publications were uses for the purposes of trade, the judgment of the district court granting defendants' motion for summary judgment is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Thomas P. Griesa, United States District Court for the Southern District of New York, sitting by designation