## CIRCUIT COURT OF FAIRFAX COUNTY

Kathleen Berger

v.

Capitol Color Mail, Inc., et al.

December 8, 1995

Case No. (Chancery) 132587

BY JUDGE THOMAS S. KENNY

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. At issue is whether a material fact remains in dispute with regard to the liability of Defendant Reflexions Photography and Defendant Capitol Color Mail, Inc., under Virginia's statute prohibiting the use of a person's likeness for purposes of advertising or trade without such person's written consent.

After careful consideration of counsel's arguments, I grant partial summary judgment to Plaintiff for the reasons set forth below.

In this case, Reflexions took a picture of Kathleen Berger, a minor. Reflexions then sold the picture to Capitol Color. Capitol Color, in turn, used Kathleen's picture in advertisement flyers. Her mother, Ann Berger, has filed suit in Kathleen's name as next friend, claiming that these actions were taken without written consent.

Section 8.01-40(A) of the Va. Code requires written consent prior to the use of a person's picture for "advertising purposes or for the purposes of trade." In the case of a minor, the written consent must be from the minor's parent or guardian. The undisputed evidence shows that each Defendant made use of Kathleen Berger's picture for one or the other of these purposes, and neither had her parent's written consent.

The first issue is whether Capitol Color had written consent from the Plaintiff. Defendant Capitol Color admits that it did not have written consent.[1]

In considering the second issue raised by the statute, whether the picture was used for advertising purposes or for trade, the Virginia Code provision is very similar to §§ 50-51 of New York's Civil Rights Act, and therefore, the Virginia Supreme Court has relied on New York case law for its analysis. *Town & Country Properties, Inc. v. Riggins*, 249 Va. 387 (1995). Thus, a picture is used for "advertising purposes" when it "appears in a publication, which taken in its entirety was distributed for use in, or as part of, an advertisement or solicitation for patronage of a particular product or service." *Beverley v. Choices Women's Medical Center, Inc.*, 587 N.E.2d 275, 278 (N.Y. 1991). Here, Defendant Capitol Color admitted in ¶ 2 of its Answer that the "advertisement flyers" were sent for the purpose of advertising. *See* Capitol Color's Answer ¶ 2; Amended Bill of Complaint ¶ 11. Therefore, Defendant Capitol Color is found to have violated Va. Code § 8.01-40(A) by failing to obtain Complainant's written consent prior to using the picture for advertising purposes.

Defendant Reflexions fails to satisfy the same two-prong analysis. With respect to the written consent aspect of § 8.01-40(A), Defendant Reflexions' oral consent argument is rejected. Written consent is what is required by the statute, and Defendant Reflexions plainly does not have it. Reflexions' estoppel argument (based on prior dealings between it and Kathleen's parents) is also rejected. The earlier releases executed by the Plaintiffs concerned merely the release of other pictures to an agency for a photo contest, not publication of the photo at issue in a nationwide advertising flyer. These releases therefore have no relevance.[2]

---

[1] Capitol Color asserts an apparent authority defense. This defense, however, was not pleaded by Capitol Color in its Answer or Response to Requests for Admissions. Therefore, that theory will not be considered in the course of determining liability. Apparent authority may be a factor, however, in a claim by Capitol Color against Reflexions if and when damages are assessed.

[2] Reflexions also raised accord and satisfaction as a defense based on its tender to the Bergers of a check for one-half of the fee paid to Reflexions by Capitol Color. In order for accord and satisfaction to occur, "[b]oth the making of an offer and the acceptance thereof . . . are essential." *Atkins v. Boatwright*, 204 Va. 450, 455 (1963). Here, an offer was made by Reflexions in the form of a check, which the Bergers never accepted. The check was never cashed, and the Bergers subsequently brought this suit in chancery. Therefore, the check cannot be the basis for an accord and satisfaction defense.

Although Reflexions did not use the picture for advertising purposes, Reflexions' actions do constitute use for "purposes of trade." What constitutes use of a picture for "purposes of trade" is not expressly defined by the statute. Case law indicates that images regarded as "newsworthy" or "matters of public interest" are not included. *See Titan Sports, Inc. v. Comics World Corp.*, 870 F.2d 85, 87 (2d Cir. 1989); *see also Gautier v. Pro-Football, Inc.*, 106 N.Y.S.2d 553, 557 (1951), *aff'd* 107 N.E.2d 485 (N.Y. 1952). The focus is on the "tension between the protection of an individual's right to control the use of his likeness and the constitutional guarantee of free dissemination of ideas, images, and newsworthy matter." *Titan Sports*, 870 F.2d at 88. The sale of a photograph by a professional photographer is *ipso facto* within the trade of the photographer and, unless it is of a "newsworthy" or "public interest" nature, is not constitutionally protected behavior. Therefore, Defendant Reflexions is found to have used the picture without written consent for the purposes of trade in violation of Va. Code § 8.01-40(A).

Liability of Defendants Capitol Color and Reflexions for violation of the statute has been established as a matter of law. As a result, Plaintiff is entitled to the injunctive relief requested in her Amended Bill of Complaint. The only issues remaining to be tried are (1) the determination of compensatory damages; (2) whether the Defendants, or either of them, "knowingly" used Kathleen's picture in a prohibited manner; and (3) if so, whether and how much exemplary damages should be awarded.