12-1783-cv
Marshall v. Marshall

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand twelve.

PRESENT: ROBERT D. SACK,
    DENNY CHIN,
    RAYMOND J. LOHIER, JR.,
        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -x

ASHANTA MARSHALL,
        <u>Plaintiff-Appellee</u>,

        -v.-                          12-1783-cv

AFRICA MARSHALL,
        <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLEE:      Ashanta Marshall, <u>pro se</u>, New York, New York.


FOR DEFENDANT-APPELLANT:     Andrew B. Kratenstein, Ashley N. King, McDermott Will & Emery LLP, New York, New York.



Appeal from the United States District Court for the Eastern District of New York (Bloom, <u>Mag. J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Africa Marshall ("Africa") appeals from the district court's judgment entered April 2, 2012, awarding plaintiff-appellee Ashanta Marshall ("Ashanta") $25,000 in damages and granting injunctive relief.[1]  Judgment was entered based on the district court's opinion and order filed March 30, 2012, following a bench trial.[2]

Africa challenges the district court's conclusions that:  (1) he was not a joint author of the copyrighted videos, (2) he infringed copyrighted works in violation of the Copyright Act, 17 U.S.C. § 101 et seq., (3) he violated Ashanta's right to publicity under Section 51 of the New York Civil Rights Law, and (4) he was required to pay Ashanta $25,000 in statutory damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's conclusions of law de novo, Reynolds v. Giuliani, 506 F.3d 183, 189 (2d Cir. 2007), and its factual findings for clear error, including its findings on intent and findings supporting the appropriate level of statutory damages.  See Bryant v. Media Right Prods., Inc., 603 F.3d 135,

---

[1]     Ashanta, proceeding pro se, has not filed a notice of appearance or a brief in this appeal.  Pursuant to Rule 31(c) of the Federal Rules of Appellate Procedure, we nevertheless consider the merits of the appeal.  See Fed. R. App. P. 31(c).

[2]     The parties consented to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c).

143 (2d Cir. 2010).  We review the amount of damages awarded by the district court for abuse of discretion.  See id. (citations omitted).  Review for clear error provides for a limited examination of the factual findings to determine whether "the district court's account of the evidence is plausible in light of the record viewed in its entirety."  Doe v. Menefee, 391 F.3d 147, 163-64 (2d Cir. 2004) (citation omitted).

We affirm, substantially for the reasons set forth by the district court in its thorough and carefully considered 53-page opinion and order.

**1.   Joint Authorship**

The authors of a joint work have undivided interests in the entire work, which entitle them to use or license the work as they wish, subject to an accounting of profits.  See Thomson v. Larson, 147 F.3d 195, 199 (2d Cir. 1998).  In the absence of a written agreement establishing joint authorship, the party claiming joint authorship bears the burden of showing that each of the putative joint authors "(1) made independently copyrightable contributions to the work; and (2) fully intended to be co-authors."  Id. at 200.  The district court found that Africa satisfied the first element but failed to prove the intent element.

Even assuming that Africa made independently copyrightable contributions to the videos, we conclude the district court did not clearly err in finding that Africa failed to demonstrate the brothers' intent to be joint authors:  Ashanta

maintained decision-making authority over Africa's work and over the business by, for example, checking Africa's editing of the videos, replacing Africa with another camera operator and re-recording one of the videos because he was unhappy with the quality of Africa's work, causing the models to sign releases to himself as an individual as well as to Hair To Go (but not to Africa), deciding to proceed with the production of the videos even without the feasibility report created by Africa, and determining how much to pay Africa and what tasks he should perform. The district court reasonably rejected Africa's contention that the brothers intended to operate as partners, and credited the testimony of Ashanta and another witness to the effect that Africa was merely an assistant or employee.

**2.   Copyright Infringement**

To establish copyright infringement, Ashanta was required to prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Arista Records LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010) (citations omitted). Africa does not dispute that Ashanta proved the second element, and we conclude, for the reasons set forth above, that the district court correctly held that Africa failed to overcome Ashanta's showing of ownership of the copyrights.

**3.   New York Civil Rights Law**

To establish a violation of Section 51 of the New York Civil Rights Law, Ashanta was required to prove (1) the use of his name, portrait, or picture, (2) for purposes of advertising

-4-

or trade, (3) without consent, (4) within the state of New York. Titan Sports, Inc. v. Comics World Corp., 870 F.2d 85, 87 (2d Cir. 1989). The district court found that all four elements were satisfied, and Africa does not dispute those findings on appeal. Instead, Africa argues that the statute contains an exception that permits him to use, as a joint author, Ashanta's name or image in connection with the videos. Because the district court did not err on the issue of joint authorship, it likewise did not err in rejecting this argument.

## 4. Damages

On the issue of damages, Africa challenges the district court's conclusion that the damage amount of $25,000 was justified because Africa's infringement was willful. Willfulness can be found where the defendant "had knowledge that [his] conduct represented infringement or . . . recklessly disregarded the possibility." Bryant, 603 F.3d at 143 (citation omitted). The district court found that the infringement was willful because Africa was aware of Ashanta's registered copyrights before promoting the videos and continued to promote them even after Ashanta sent him multiple take-down notices. The district court found that even assuming Africa subjectively believed he had a right to use the copyrighted works, he recklessly disregarded the possibility that his belief was incorrect. We discern no error in the district court's finding of willfulness and no abuse of discretion in the district court's award of damages.

We have considered all of Africa's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk